84 So.2d 563 (1956)
F.G. VOSS, Appellant,
v.
A.E. FORGUE, Appellee.
Supreme Court of Florida. Special Division A.
January 4, 1956.
Noble C. Doss, Gulfport, for appellant.
Charles J. Schuh and Son, St. Petersburg, for appellee.
TERRELL, Justice.
Prior to May 15, 1954, appellee acquired title to Lots 14 and 15, Block 1, F.J. Burn's Realty Company's Replat as recorded in the Public Records of Pinellas County. Appellant acquired title to Lot 16, Block 1, same subdivision. On or about May 15, 1954, appellee secured a building permit to construct a dwelling on Lot 15 and immediately commenced construction on Lot 16, thinking he was on Lot 15. On June 16, 1954, he discovered his mistake and undertook to purchase Lot 16 from the owner but continued construction of the dwelling. July 8 he received notice from the owner to do so and suspended construction.
Appellee then filed suit in equity alleging the mistake and prayed that appellant be permitted to purchase the improvements placed on Lot 15 at a fair value or to convey said lot to appellee at its reasonable value. An answer was tendered denying the material allegations of the complaint and praying that defendant be *564 awarded the improvements without compensation to the plaintiff, or in the alternative, that the plaintiff be required to remove all improvements from the property. At final hearing the chancellor ordered appellant to convey all his right, title and interest in Lot 16 to appellee and that appellee convey all his right, title and interest in Lot 15 to appellant. The final decree also ordered plaintiff to pay defendant $150 and court costs. We are confronted with an appeal from this decree.
The question for determination challenges the correctness of the chancellor's decree.
Appellant contends that this question should have a negative answer because the action was non-statutory, that appellee was grossly negligent in looking to the location of his property, that he did not have color of title to Lot 16 and there was complete absence of fraud or acquiescence with knowledge on the part of the true owner. This contention is supported by the common law rule, the effect of which is that improvements of a permanent nature placed on or attached to land without the consent of the owner, become part of the realty and title thereto is vested in the owner. McCreary v. Lake Boulevard Sponge Exchange Co., 133 Fla. 740, 183 So. 7. See also Annotations, 81 Am.St.Rep. 166.
We have not before been called on to adjudicate this point but investigation reveals respectable authority both ways, depending largely on the circumstances and the equities shown in the particular case. Our attention is directed to what appellant contends to be the majority rule in 104 A.L.R. 580, as follows:
"In a bare majority of the jurisdictions of this country wherein the question has clearly received consideration, support has been given to the rule that, not even in equity can one who has made improvements on the land of another, believing himself to be the owner, recover therefor, as plaintiff, where the owner has been guilty of no fraud, or acquiescence with knowledge, or other inequitable conduct."
Appellant also calls our attention to what he contends the same authority (104 A.L.R. 588) designates as the minority rule as follows:
"Even in the absence of fraud, acquiescence with knowledge, or other inequitable conduct on the part of the owner of land, one who, mistakenly believing himself to be the owner, in good faith makes improvements on premises, may, as plaintiff, recover therefor, by way of lien or otherwise, where the circumstances render such relief just and equitable."
An examination of 19 Am.Jur., Equity, Secs. 33 and 47, 3 Pomeroy's Equity Jurisprudence, Improvements, Sec. 856b (5th ed.), the cases cited in 104 A.L.R., supra, and others discloses that equitable considerations have generally controlled the disposition of such cases. It is true that equity will not always relieve one from the result of this carelessness, negligence, or laches. The rule approved by the best considered cases is that the neglect, carelessness or acquiescence with knowledge must be in contravention of a positive legal duty.
In this case appellee was notified after more than a month that he was building on land that belonged to appellant but at the time he had hundreds of dollars worth of material on the land and the building was near completion at a cost of $8,500 to $11,000 as found by the chancellor. The chancellor also found that Lots 15 and 16 were of substantially the same value, that they were adjacent, that appellee was innocent of wrongdoing and that he should not be required to forfeit his expenditure. There is no contention that either of the lots had any peculiar or intrinsic value. We do not approve appellee's carelessness or laxness in looking to the location of his lot but there is no showing that appellant was harmed and being so *565 we find no good reason to reverse the chancellor.
His decree is, therefore, affirmed.
DREW, C.J., and THORNAL and O'CONNELL, JJ., concur.