STURGIS, Judge.
The appellant, defendant below, against whom a judgment of eviction was rendered in a suit which, though filed in chancery, was essentially a suit in ejectment, appealed said judgment to this court. That appeal was dismissed for failure of the appellant to file assignments of error as required by Florida Appellate Rule 3.3, 31 F.S.A.
Within 90 days after such dismissal the defendant, proceeding under Sections 70.-06 to 12, Florida Statutes, F.S.A., filed in the trial court a petition to be compensated for permanent improvements to the property in controversy, commonly known as a betterment proceeding. Upon motion of plaintiff in the ejectment'proceedings, the petition for betterment was dismissed and this appeal is prosecuted from the order of dismissal. That order expresses conflicting views, first, “that petitioner [defendant-ap-. pellant] should be privileged to present the case of betterment for hearing and determination,” but, secondly, that the court was of the opinion “that there was no proper pleading raising such issue at the time the summary decree was entered,” and the further opinion “that such issue is now presented too late”; and it was upon the latter premise that the petition for betterment was dismissed.
The main action was filed as a suit in chancery and it appears that the trial court and all parties to the cause treated it as having been properly maintained in that forum. Notwithstanding the fact that the complaint alleged that the defendant was in possession of the subject realty, asserted a superior and exclusive title in the plaintiff, and that the relief sought was eviction of defendant and the placing of plaintiff in possession, which are the normal and essential components of a suit in ejectment, no attempt was made to transfer the cause to the law side as would have been proper under Rule 1.39, 1954 Florida Rules of Civil Procedure, 30 F.S.A.
The betterment proceeding is purely statutory in character and, as above noted, is available only following a judgment of eviction rendered against the defendant in a suit in ejectment. Ejectment is an ancient common-law action, though in this state the procedure is defined by statute and the rules of procedure. The *806 pivotal points for determination are whether the procedure in the main cause of action in the case on appeal was such that it can and should be treated as a suit in ejectment, and whether, if so treated, the betterment petition was timely filed. We answer these propositions in the affirmative.
The mere filing of the action on the chancery side could not operate to deprive defendant (appellant) of her common-law right of trial by jury in a proceeding having for its object her eviction from real property in her possession. That right is guaranteed by the constitution and it is clear that plaintiff (appellee) had a clear and adequate remedy at law by a suit in ejectment. Hughes v. Hannah, 39 Fla. 365, 22 So. 613; Trustees I.I.F. of Florida v. Gleason, 39 Fla. 771, 23 So. 539. We are not called on nor are we prepared to say what the situation might have been had the final judgment herein been entered pursuant to the taking of testimony by the trial judge sitting in the role of a chancellor in equity, or what our disposition might have been had the appellant perfected the prior appeal addressed to the proceedings leading up to and including the summary final decree of eviction that was entered in this cause. Suffice it to say that a summary judgment may be entered in a suit in ejectment, as in any other legal proceeding (Locke v. Stuart, Fla.App., 113 So. 2d 402), and that the action of the trial court in entering the summary final order of eviction in this cause has by operation i)f law become the law of the case.
In enacting the betterment statute, it was clearly the legislative intent to provide an efficient and effective means by which the issues available thereunder could be presented within a reasonable period of time after final judgment in a suit evicting the defendant from real property of which he stood possessed when suit was instituted, or within a limited period after an appeal by such defendant failed its objective. The period within Mtich to file betterment proceedings, as fiked by the statute, is three months after the rendition of such judgment of eviction or, in the event of appeal, three months after affirmance of such judgment by the appellate court. The petition in suit was filed well within the three-month period following the entry of our order dismissing the former appeal. While our order did not have the effect of directly affirming the trial court’s order of eviction, it did have the effect of relegating the parties to their rights under the order of eviction. As that order contained the essential attributes of a final judgment in a suit in ejectment and as the preliminary proceedings were not inconsistent with the procedure that would have been followed had the suit been handled strictly as a suit at law, we hold that the remedy contemplated by the betterment statute is available to the appellant in this case.
We turn next to the question of whether the petition was timely filed. We are impressed, as evidently the learned trial judge was, by the fundamental equity of the proposition that appellant “should be privileged to present the case of betterment for hearing and determination.” The dismissal of the prior appeal had the practical effect, as between the parties, of an affirmance of the judgment of eviction. A party in possession against whom a judgment of eviction is rendered can find no advantage, so far as occupancy is concerned, in suffering an appeal from the judgment to be dismissed for technical defaults, as occurred on the first appeal in this cause. The provision of the statute affording the right to file a petition for betterment “within three months after the affirmance of such judgment” should be given the practical legislative intent apparent from the act as a whole, that is to say: a reasonable opportunity to the defendant in ejectment to present and have a claim for betterment determined.
In Cowgill v. Hopkins, for Use and Benefit of Williams, Fla., 52 So.2d 343, the Supreme Court held the trial court in error for refusing to admit evidence supporting *807 an equitable plea of estoppel interposed by the defendant in ejectment. It was there held that if the plaintiff in fact sat by and watched the defendant construct valuable improvements on the land on the assumption that he owned it, and fails to give a satisfactory explanation for such silence, the plaintiff is not now in position to complain. The same equitable considerations should be applicable to a post-judgment proceeding for betterment compensation. The petition herein alleges facts having an equitable equivalent to the principle laid down in the Cowgill case and we hold that it was filed within the three-months period contemplated by the statute. It was therefore error to dismiss it as untimely.
Accordingly, the order appealed is set aside, and this cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.