312 So.2d 526 (1975)
John BROWN et al., Appellants,
v.
C.L. JOHNS, Appellee.
No. U-372.
District Court of Appeal of Florida, First District.
May 15, 1975.
*527 Harry M. Hobbs, Hobbs, de la Parte & Liles, Tampa, for appellants.
Ernest A. Sellers, Airth, Sellers, Lewis, Cherry & Blair, Live Oak, for appellee.
BOYER, Judge.
We here consider a final judgment in ejectment which held that the appellee, plaintiff below, owned the land in question. An additional aspect of the final judgment prevents the appellants from removing a house which appellant, Jim Walter Homes, Inc., had built for appellants, John Brown and Sarah Hill Brown, relying on the mistaken belief that the land was owned by the Browns.
Our review of the record convinces us that the learned trial judge was correct in finding that the appellee owned fee simple title to the property. The appellee purchased a tract (which contained the land disputed herein) from the Trustees of the Internal Improvement Fund of the State of Florida and received a deed dated December 17, 1957. Appellants, John Brown and his wife Sarah, thereafter purchased a parcel of land from Hattie Elmore who claimed at trial that the subject property was owned by her late husband prior to their marriage. Mrs. Elmore further testified that her husband, desiring that the property be in her name, instructed her to let the taxes go and then acquire the property by tax title, which she claimed that she did. However, the trial court in its final judgment specifically found that "the lands described by the tax deed obtained by Hattie Elmore are not the lands that are the subject matter of this suit and are not the lands sought to be recovered herein by the plaintiff." The record sustains that finding.
Having found that the record supports the trial court's findings that the property in dispute belongs to the appellee, we turn now to the one point raised by appellants which merits further discussion. Appellants assert that the trial court erred in refusing to allow them to remove the house which was built on the disputed property. At trial, it was established that the house could easily be removed from the property. Further, the record supports the conclusion that the house was built on the property as a result of a bona fide mistake.[1] Appellants urge that the Florida Supreme Court has permitted an improvement to be removed from the property of another in prior cases.[2] Appellee argues, however, that the right of removal has never been granted in an ejectment action and that therefore this Court must now rule on a novel question.
In Florida, ejectment is a purely statutory action.[3] In actions brought under statutory ejectment, defendants have been permitted to raise equitable defenses.[4] However, this does not mean that a defendant in an ejectment action (an action at law) may, via an equitable defense, obtain affirmative relief other than through *528 the Betterment Statute.[5] The Betterment Statute authorizes a defendant who has lost an ejectment action to file a petition for compensation for improvements but it does not provide for removal of the improvements.
A separate action in equity, however, will lie to obtain removal of improvements by one who has constructed improvements on property of another under the mistaken belief that he, or someone else with whom he is in privity, owned the property.[6] Since the joinder of law and equity in one single form of action a defendant may seek affirmative relief in equity by way of a counterclaim in an action brought against him at law.[7] It would appear therefore that in the case sub judice if appellants are to assert a claim for removal of the house, such assertion must be by way of a counterclaim in the action for ejectment. However, instead of asserting this claim by way of a counterclaim, appellants have injected it as an affirmative defense to the ejectment. He is saved though by Rule 1.110(d).[8]
We accordingly reverse and remand to the trial court with directions to treat appellants' affirmative defense as a counterclaim and to adjudicate same as such.
We have considered the other points raised by appellants and find them to be without merit.
Reversed and remanded with directions.
RAWLS, C.J., and McCORD, J., concur.
NOTES
[1] Although appellee questioned the right of appellants to construct the house on the disputed land prior to completion, he also admitted that he led appellants to believe that they could "work out a deal later" if the land was later proved to belong to him.
[2] See McCreary v. Lake Boulevard Sponge Exchange Co., 1938, 133 Fla. 740, 183 So. 7; Hedges v. Lysek, Sup.Ct.Fla. 1955, 84 So.2d 28.
[3] See Chapter 66, Florida Statutes.
[4] Cowgill v. Hopkins, Sup.Ct.Fla. 1951, 52 So.2d 343; Bridgehead Land Co. v. Hale, 1940, 145 Fla. 389, 199 So. 361.
[5] F.S. 66.041-66.101.
[6] See McCreary v. Lake Boulevard Sponge Exchange Co., supra, and Hedges v. Lysek, supra.
[7] Rule 1.170(a) RCP, relating to compulsory counterclaims, provides: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction ..."
[8] "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms if justice so requires, shall treat the pleading as if there had been a proper designation."