342 So.2d 856 (1977)
DAVID MILLER DISTRIBUTING COMPANY, INC., Appellant,
v.
FLORIDA NATIONAL BANK AT ARLINGTON, Appellee.
No. CC-251.
District Court of Appeal of Florida, First District.
February 25, 1977.
Barry S. Sinoff and C. Wayne Alford, Jacobs, Sinoff, Edwards, Alford & Burgess, Jacksonville, for appellant.
John T. Trekell and R. Craig Hemphill, Jacksonville, for appellee.
ERVIN, Judge.
This is an appeal from an order granting appellee Bank's motion to dismiss. On July 31, 1975, appellant, David Miller Distributing Company, Inc., filed its complaint for damages against Bank alleging that Bank had breached its contractual duty to depositor, David Miller, by transferring depositor's funds from its account without authorization *857 from depositor.[1] On December 10, 1975, the court granted the Bank's motion to dismiss, allowing, however, appellant fifteen days in which to file an amended complaint. The allegations contained in the amended complaint were practically identical to those in the original complaint with the exception of paragraph 9(b).[2] The Bank filed a motion to dismiss which was again granted, allowing appellant, however, ten days in which to file a second amended complaint. Apparently concluding that no amended complaint would withstand the Bank's motions to dismiss, David Miller filed its appeal with this Court generally assigning as error the lower court's order granting the motion to dismiss the amended complaint upon the ground that the plaintiff had changed its position from that taken in the original complaint.
We reverse. In our opinion the allegations of the original complaint, particularly paragraph 9(b), although inartfully drawn and may have been subject to a motion for more definite statement, nevertheless stated a cause of action against the Bank. The allegations of the original complaint must be considered in their totality. The Bank was charged with the negligent transfer of the depositor's funds without any authority to do so. The complaint placed defendant on notice of violating the duty it owed to its depositor pursuant to Section 673.404[3], Florida Statutes (1975). Moreover, the amended complaint clearly "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading * * *" Fla. R.Civ.P. 1.190(c). The test as to whether an amended complaint should be allowed was well stated by the Fourth District Court of Appeal in Turner v. Trade-Mor, Inc., 252 So.2d 383, 384 (Fla. 4th DCA 1971):

*858 "... whether an amendment offered by a party sets forth a `new cause of action' is not whether the cause of action stated in the amended pleading is identical to that stated in the original. Rather, the test is whether the pleading as amended is based upon the same specific conduct, transaction or occurrence between the parties upon which the plaintiff tried to enforce his original claim."
It is a well settled rule of law that if a pleading informs a defendant of the nature of the cause of action against him, then it shall be sufficient. Smith v. State, 204 So.2d 31 (Fla. 3rd DCA 1967). As this Court observed in Richards v. West, 110 So.2d 698, 701-702 (Fla. 1st DCA 1959):
"The advent of modern rules of procedure has brought with it the policy of allowing litigants to amend pleadings freely in order that causes may be tried on their merits. Granting leave to amend rests, of course, in the discretion of the trial court; but doubts should be resolved in favor of allowing amendment unless and until it appears that the privilege to amend will be abused."
The order granting the motion to dismiss the amended complaint is reversed with directions that it be reinstated.
BOYER, C.J., and MILLS, J., concur.
NOTES
[1] Pertinent provisions of the complaint include:

"8. Prior to April 1, 1974, plaintiff had deposited to its credit with the defendant funds amounting to more than Thirteen Thousand Dollars ($13,000.00). It was the duty of the defendant to transact business concerning said funds only when such business was authorized by the signature of C.W. Crum or David Miller, the president and secretary respectively of the plaintiff corporation.
9. The defendant breached the aforesaid duty in the following respects:
(a) On or about April 1, 1974, the defendant by and through its employees, agents, and officers, acting within the scope of their duties, employment and authority, negligently transferred funds in the amount of Thirteen Thousand Dollars ($13,000.00) from the plaintiff's aforesaid account with the defendant to the account of `Tinder Box International, Inc.', in the Wachovia Bank and Trust Company in Charlotte, North Carolina, without any authority whatsoever from the plaintiff. A copy of the exchange slip for said transferral is attached and made a part hereof marked as Exhibit `C'.
(b) The defendant, by or through its employees, agents, and officers, acting within the scope of their duties, employment and authority, negligently transferred the said funds upon a mere oral request by telephone made by one David Miller. At no time material hereto was the said transfer of said funds authorized by the signature of one of the persons designated by the plaintiff to authorize such a business transaction.
(c) The defendant, by or through its employees, agents, and officers, acting within the scope of their duties, employment and authority, was negligent in not following and abiding by the standards and procedures of ordinary care used in the banking business in regard to authorization of business transactions involving deposit and checking accounts.
10. As the direct and proximate result of the aforesaid negligence of the defendant, the said funds negligently transferred by said defendant to the Wachovia Bank and Trust Company were withdrawn therefrom by the said David Miller who then absconded with the said funds and whose whereabouts are presently unknown."
[2] The defendant, by or through its employees, agents, and officers, acting within the scope of their duties, employment and authority, negligently, transferred the said funds upon a mere oral request by telephone made by a person describing himself as said David Miller. Moreover, the defendant did not request verification from the person describing himself as David Miller so as to determine whether, in fact, the David Miller over the phone was the same person whose signature is included on the said signature card and said Corporation Account form."
[3] Which provides, with certain exceptions, that an unauthorized signature is inoperative.