354 So.2d 1251 (1978)
Trazysie ENSTROM, Appellant,
v.
Liisa A. DIXON, As Personal Representative of the Estate of Elin M. Enstrom, Deceased, Appellee.
No. 76-2671.
District Court of Appeal of Florida, Fourth District.
February 7, 1978.
Guy C. Hill, West Palm Beach, for appellant.
Robert E. Hathaway, West Palm Beach, for appellee.
PER CURIAM.
Plaintiff appeals an order granting Defendant's motion to dismiss her amended complaint with prejudice.
In a four count amended complaint Plaintiff alleges that she housed and cared for Defendant's decedent from 1967 to 1975 and is entitled to reimbursement for expenses incurred therein under theories of breach of contract, conversion, and several equitable theories. Although the amended complaint could have been more artfully drafted, we agree that Plaintiff should have been allowed another opportunity to amend so as to attempt to state a cause of action.
It is the policy in this State to freely allow amendments to pleadings in order that causes may be tried on their merits and justice may be achieved. In exercising the discretion inherent in the trial court to allow or disallow amendments, all doubts should be resolved in favor of the former unless the privilege be abused. David Miller Distributing v. Fla. Nat. Bank, 342 So.2d 856 (Fla. 1st DCA 1977). We find no such abuse here. Plaintiff should be allowed an opportunity to amend unless it is apparent that the pleading cannot be amended to state a cause of action. Hansen v. Central Adjustment Bureau, Inc., 348 So.2d 608 (Fla. 4th DCA 1977).
The defendant relies heavily on First Gulf Beach Bank & Trust Co. v. Grubaugh, 330 So.2d 205 (Fla. 2nd DCA 1976) which dealt with contracts to make a will and the effect of Fla. Stat. 731.051. Clearly, that decision has no bearing on the theories attempted to be raised in Plaintiff's amended complaint.
REVERSED AND REMANDED.
ALDERMAN, C.J., and CROSS and MOORE, JJ., concur.