438 So.2d 165 (1983)
Sarah Jane SEDDON, et al., Petitioners,
v.
Fred M. HARPSTER, et Ux, et al., Respondents.
No. 83-678.
District Court of Appeal of Florida, Fifth District.
September 22, 1983.
*166 Mary M. McDaniel of Ford & Minkoff, P.A., Tavares, for petitioners.
*167 W.C. Hutchison, Jr., of Hutchison & Mamele, Sanford, for respondents Edmondson.
No appearance for respondents Harpster.
COWART, Judge.
The issue in this certiorari case is whether a claim for betterment compensation, asserted in an answer to a complaint for ejectment, matures into a petition for betterment[1] which remains pending and may be adjudicated after rendition of a final judgment in the ejectment action. We hold that it does not and grant the petition for certiorari.[2]
In 1975 in case number 75-1437 the Harpsters brought an ejectment action against their neighbors to the east, the Seddons, alleging the true boundary between the Harpster and Seddon properties to be east of where the Seddons contended. In that controversy the Harpsters won and the Seddons lost. Seddon v. Harpster, 369 So.2d 662 (Fla. 2d DCA 1979), affirmed 403 So.2d 409 (Fla. 1981). By "cross-claim" in the Harpster v. Seddon action, the Seddons sued their neighbors to the east, the Edmondsons, alleging the Edmondsons were wrongfully occupying the eastern portion of the Seddons' property. In answer to the cross-claim the Edmondsons raised affirmative defenses of estoppel, adverse possession, boundary by agreement and boundary by acquiescence. The Edmondsons' answer to the Seddons' cross-claim also contained an allegation that the Edmondsons had placed improvements on the disputed land and were entitled to betterment compensation. The trial court held for the Edmondsons on the theories of estoppel, acquiescence and boundary by agreement. While the judgment for the Edmondsons was on appeal, the Edmondsons conveyed the disputed property and the improvements thereon, to third parties (Bartholomew and Jones). In the Seddons' appeal of the Edmondson judgment this court reversed the trial court and directed the trial court to enter a final judgment in favor of the Seddons entitling them to the disputed property. Seddon v. Edmondson, 411 So.2d 995 (Fla. 5th DCA 1982). A final judgment of eviction pursuant to this court's mandate was rendered on May 13, 1982.
Section 66.041, Fla. Stat. (1981), provides in part:
If a judgment of eviction is rendered against defendant, within 60 days thereafter, or if he has appealed, within 20 days after filing the mandate affirming the judgment, he may file in the court in which the judgment was rendered a petition [for betterment]. (emphasis supplied)
In the sixty day period following rendition of the final judgment no petition for betterment was filed by either the Edmondsons or their grantees. Pursuant to the final judgment, the Seddons demanded possession of the property, occupied by the Edmondsons' grantees. The Edmondsons' grantees, on August 6, 1982, in case number 82-1318, sued the Edmondsons for rescission alleging the Edmondsons had misrepresented the boundaries of the property conveyed and had failed to inform them that a portion of the land was involved in litigation. The Edmondsons then filed a motion to consolidate the suit for rescission (case number 82-1318) with the original suit by the Harpsters against the Seddons, in which the Seddons had "cross-claimed" against the Edmondsons, Case No. 75-1437. The trial court granted the motion, finding that the Edmondsons' answer to the Seddons' cross-claim in Case No. 75-1437 should be treated as a petition for betterment and consolidated with the Bartholomew v. Edmondson case so that whoever won the Bartholomew v. Edmondson suit would be able to claim *168 betterment damages against the Seddons. In this case the Seddons seek certiorari review of this order of consolidation.
At the time the Edmondsons' motion to consolidate was filed on March 9, 1983, nearly ten months had passed since the rendition on May 13, 1982, of a final judgment pursuant to mandate in the Harpster v. Seddon v. Edmondson action, Case No. 75-1437. Once a final judgment has been rendered and the time for filing a petition for rehearing or motion for new trial has passed the court loses all jurisdiction over the cause other than to see that proper entry of the judgment or decree is made and that the rights determined and fixed by it are properly enforced. See 13 Fla.Jur.2d Courts and Judges § 31 and cases cited therein. Therefore, the trial court was without authority or jurisdiction to attempt to resurrect any dead cause of action for betterment believed to have been contained in case number 75-1437 which had been finally interred in the final judgment in that case and to attempt to consolidate it with the causes of action involved in case number 82-1318.
Furthermore, a cause of action for betterment is purely statutory, Brown v. Johns, 312 So.2d 526, 527 (Fla. 1st DCA 1975); Bailey v. Bailey, 114 So.2d 804, 805 (Fla. 1st DCA 1959), and a claim for betterment compensation in an answer to a complaint for ejectment is a nullity. McRae v. Preston, 54 Fla. 190, 44 So. 946 (1907). The purpose of the betterment statute is to provide an efficient and effective means by which the issues available thereunder can be presented within a reasonable period of time (60 days) after final judgment in a suit evicting a defendant from real property or within a more limited period (20 days) after an appeal by such defendant has failed its objective. Volusia Fern Company, Inc. v. Cox, 393 So.2d 1126 (Fla. 5th DCA 1980); Bailey v. Bailey, 114 So.2d 804 (Fla. 1st DCA 1959). Section 66.041, Florida Statutes (1981),[3] clearly states that a petition for betterment is to be filed within sixty days after a judgment of eviction is rendered against a defendant. Section 66.051, Florida Statutes (1981), allows the plaintiff in the judgment of eviction to file written defenses to the petition for betterment within twenty days after service of the petition and section 66.061, Florida Statutes (1981), provides for trial on the issues made. It is clearly not contemplated by the statute that a paragraph in an answer to a complaint for ejectment setting out the affirmative defense of adverse possession and a paragraph alleging simply that improvements have been made and that betterment compensation is demanded, may, ten months after final judgment in the ejectment action, be considered and treated as a prematurely filed petition for betterment.
Finally, we note respondents contention that a decision against them will result in the unjust enrichment of the Seddons, who will retain the improvements placed upon their land by the Edmondsons without having to make compensation. The statutory right to betterment compensation is a right which, like many other rights, may be waived. Although the Edmondsons conveyed the land which is in dispute prior to the judgment of eviction against them they were not barred by the betterment statute from filing a petition for betterment following rendition of the judgment of eviction. The statute requires only a defendant to have been in possession prior to commencement of the ejectment action. There is no requirement that the defendant be in possession at the time the betterment petition is filed. Our decision herein does not mean that a defendant in ejectment can always convey the disputed lands and the improvements thereon and, as against their own grantee, retain both the amount of the purchase price allocable to the improvements and any compensation awarded in the betterment action. Here, the Edmondsons had standing to file a betterment petition within the statutory time limit and they simply failed to do so.
Because the trial court was without jurisdiction to "consolidate" allegations in the *169 pleadings in the completed case number 75-1437 with case number 82-1318, the order of consolidation and the order adding parties defendant in case no. 75-1437 are
QUASHED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] § 66.041, Fla. Stat. (1981).
[2] When a trial court acts without or in excess of its jurisdiction certiorari is a proper remedy. Robbins v. Pfeiffer, 407 So.2d 1016 (Fla. 5th DCA 1981); Hawaiian Inn of Daytona Beach v. Snead Constr. Corp., 393 So.2d 1201 (Fla. 5th DCA 1981). Without a timely filed petition for betterment a trial court has no jurisdiction to consider a claim for betterment compensation.
[3] The current version of the statute has been unchanged since 1967.