448 So.2d 34 (1984)
PENSACOLA WINE AND SPIRITS DISTILLERS, INC., Appellant,
v.
GATOR DISTRIBUTORS, INC., Appellee.
No. AV-84.
District Court of Appeal of Florida, First District.
March 27, 1984.
*35 Bruce A. McDonald of Emmanuel, Sheppard & Condon, Pensacola, for appellant.
John Zingarelli of Reeves, King & Ritchie, Pensacola, for appellee.
BARFIELD, Judge.
Pensacola Wine and Spirits Distillers, Inc. (Pensacola Wine) appeals a non-final order determining that Gator Distributors, Inc. (Gator) is entitled to immediate possession of leasehold property and requiring Pensacola Wine to immediately vacate the property. We reverse.
Gator sued for eviction of Pensacola Wine from a warehouse owned by Gator on property leased from Burlington Northern Railroad. Pensacola Wine asserted that it was an equitable owner of the warehouse by reason of the exercise of an option to purchase, and therefore, eviction was not a proper remedy. Pensacola Wine contends that Gator must proceed in ejectment because Pensacola Wine is no longer a tenant under the lease agreement. The trial court correctly concluded that a lease is terminated when an option to buy is exercised. The vendee then becomes an equitable owner of the property pursuant to an executory contract. Atlantic Beach Improvement Corp. v. Hall, 143 Fla. 778, 197 So. 464 (1940). Where the trial court erred was in construing Bailey v. Bailey, 114 So.2d 804 (Fla. 1st DCA 1959), to say that the court may treat an action for eviction as an action in ejectment without allowing the party in possession to plead affirmative defenses to ejectment.
The record before us suggests the trial court was correct in finding that an exercise of the option to buy had taken place, although it is not entirely clear that such was the case. Having thus concluded that ejectment was the proper cause of action for Gator, the trial court should have allowed Gator to amend and allowed Pensacola Wine to answer and assert its affirmative defenses. Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla. 4th DCA 1971); David Miller Distributing Co. v. Florida National Bank, 342 So.2d 856 (Fla. 1st DCA 1977); and Seltzer v. Grine, 79 So.2d 688 (Fla. 1955). It remains to be seen whether any affirmative defenses can be raised that are not already before the trial court.
Bailey v. Bailey, supra, was an action filed as eviction in the chancery side of the court. After default and judgment was entered against the occupant of the property, the occupant within ninety days filed a claim for betterment which would be proper if the action had been in ejectment. What the court said was that the wrong label had been attached to the original action, and it should have been in the law side of the court. Since the default was entered and the appeal was dismissed on procedural grounds, nothing could be done to treat the original action for what it really was, i.e., ejectment. However, the court would not allow this misnomer of a cause of action to deprive the former occupant of the right to seek recovery for betterment.
REVERSED.
MILLS and WENTWORTH, JJ., concur.