SHIVERS, Judge.
This case involves the erroneous construction of a house owned by Appellee Davis on a piece of property owned by Appellant Brown, and Brown’s subsequent action in ejectment against Davis. Brown appeals the final judgment entered in Davis’ equitable counterclaim against her. We affirm in part, reverse and remand.
The two tracts involved in this case (16 and 17) are located in Karen Acres, which was originally owned by Raymond Jessee and was subdivided by him into 25 2V2-acre tracts. A Mr. Roth then bought Tracts 16 and 17 from Jessee. In 1974 Appellant Brown purchased Tract 17 from Roth. The adjoining parcel, Tract 16, was purchased by the Demmons in 1977. The original dimensions of Tracts 16 and 17 were identical. However, the Demmons decided to divide Tract 16 into two smaller parcels. They hired Appellee Wilkinson (a surveyor) to make the division but Wilkinson apparently erroneously divided Tract 17 instead of Tract 16. One parcel of Tract 16 was sold to Appellees, the Pruetts; the other was sold to Appellee Davis.
In 1980 the Pruetts obtained an FHA loan for the construction of a brick home on their portion of Tract 16. Since the wrong tract had been subdivided the Pruetts mistakenly built the house on Tract 17. After the house was completed but before it was occupied the Pruetts were transferred from the area. Davis applied to assume the Pruetts’ FHA loan and in October of 1980 the property was conveyed to her. Mrs. Brown was unaware of the existence of the house on the property until she was contacted by Mrs. Davis in April of 1981.
After discovering the mistake, Mrs. Brown filed an ejectment action against Davis seeking damages and possession of her property. Appellee Davis responded and counterclaimed, seeking in the alternative: (1) an equitable exchange of the two tracts; (2) “betterment,” pursuant to section 66.061, Florida Statutes; (3) an equitable lien against Brown’s property; or (4) removal of the home from Brown’s property. In addition to the counterclaim against Brown, Davis filed third-party complaints against the Pruetts and the Dem-mons, Wilkinson, West Florida Title and Land Company, and the U.S. Government, as holder of the FHA loan.[1]
After trial, the court entered a final judgment ordering an equitable exchange of tracts between Brown and Davis, the transfer of the FHA loan on Tract 16 to Tract 17, a similar transfer of a First National Bank of Crestview lien on Tract 16, and entry of a judgment of $500 in damages and $544.65 in costs in favor of Brown and against Wilkinson. Brown was denied attorney’s fees against any of the defendants and was disallowed a $792.50 expense incurred for a topographical survey which was introduced into evidence at the trial. *525 From the final judgment Brown appeals, raising several arguments which we find to be meritorious.
Based on our interpretation of Voss v. Forgue, 84 So.2d 563 (Fla.1956), we affirm an equitable exchange of tracts. However, since we believe that Mrs. Brown is an innocent party, we suggest several other respects in which, in equity, she can be made more whole, on remand.
First, both the warranty deed to the Pruetts and the warranty deed to Davis contained a reservation by the Demmons of all mineral, oil, and gas rights to Tract 16. There is no such reservation in the chain of title of Tract 17 to Brown. Thus, the equitable exchange of tracts would result in a loss of Brown’s oil, mineral, and gas rights for which she should be compensated.
The trial court could remedy this by either requiring the Demmons to transfer the oil, gas and mineral rights in Tract 16 to Appellant Brown (if the Demmons still own these rights) or by requiring Appellee Davis to transfer the oil, gas and mineral rights in Tract 17 to Appellant Brown (if Appellee Davis owns same); or if neither of these can be accomplished, by requiring Appellee Davis to pay Appellant Brown for the loss of such rights.
Second, and similar to the above problem, Brown’s deed to Tract 17 contained a grant of an undivided ½5⅛ interest in Tract 14 — a tract reserved for common recreational use by the property owners of Karen Acres. The two deeds from the Demmons, however, did not contain such grants. Accordingly, the equitable exchange of the two tracts causes Brown to suffer yet another loss. Davis and/or her predecessors in title who are parties to this action should thus be required to either convey to Brown, if they can, good title to an undivided V25th interest in Tract 14 or to pay Brown for her loss of same.
Third, the evidence presented at the trial showed the First National Bank of Crest-view to be the holder of a $600 mortgage on Tract 16. Although the bank was not a party to the action, the final judgment ordered the security transferred to Tract 17 so that the bank would have no further lien or claim on Tract 16. We agree with Appellant Brown’s argument that the court’s attempt to transfer the mortgage is not legally effective absent either the bank’s consent or its presence as a party to the suit. Accordingly, we would require, on remand, that Davis satisfy the $600 mortgage on Tract 16 prior to the exchange of the two tracts.
Fourth, we feel that the court erred in disallowing the expense incurred by Brown for a topographical survey of the tracts. The record indicates that the survey was introduced into evidence by Brown to show the differences between Tracts 16 and 17, which was certainly an important evidentia-ry factor in this case. We therefore instruct the trial court, on remand, to allow Appellant Brown recovery for the additional expense of $792.50 incurred for the topographic survey.
We reverse the final judgment and remand for the trial court to take action in accordance with the four points discussed above.
We certify to the Florida Supreme Court the following question of great public importance:
CAN A COURT, IN EQUITY, ORDER EXCHANGE OF DEEDS OF TWO LOTS WHEN THE OWNER OF ONE LOT MISTAKENLY CONSTRUCTS ON THE ADJACENT LOT OF THE OTHER OWNER?
MILLS, J., concurs.
ZEHMER, J., dissents, with written opinion.

. The U.S. Government was dismissed as a third-party defendant but was later granted leave to intervene as a party defendant.