ZEHMER, Judge,
dissenting.
I respectfully dissent to affirmance of the order requiring an equitable exchange of tracts 16 and 17. The majority opinion has fashioned remedies in equity which require appellant Brown to involuntarily give up real estate owned by her in exchange for another tract she does not want and require her to accept payment of certain money damages and other considerations *526 to make up for some of the incontrovertible intrinsic differences between the two tracts.
The only Florida decision cited by the parties for the notion that the court can require an equitable exchange of lots is Voss v. Forgue, 84 So.2d 563 (Fla.1956). For the following reasons, I believe that the majority opinion is in conflict with that decision.
In Voss the appellee, Forgue, acquired two lots and then secured a building permit to construct a dwelling on one of them. The dwelling was constructed by mistake on the adjacent lot 15, owned by Voss. Within thirty days Forgue discovered his mistake and undertook to purchase the adjoining lot from Voss, but continued construction of the dwelling. About two weeks later Forgue received a notice from Voss to suspend construction, and he did so. Forgue then filed suit in equity alleging mistake and prayed that Voss be permitted to purchase the improvements placed on lot 15 at a fair value or to convey said lot to Forgue at its reasonable value. Voss denied the material allegations and prayed that he be awarded the improvements without compensation or, in the alternative, that Forgue be required to remove all improvements from the property. At final hearing the chancellor ordered Voss to convey his lot 15 with the improvements to Forgue in exchange for Forgue’s conveyance of his unimproved lot 16 and payment of one hundred fifty dollars and court costs to Voss.
The Supreme Court affirmed the chancellor’s decree, but it is important to note the Court’s reasoning and factual basis for doing so. First the Court acknowledged it is the common law rule that where a party is grossly negligent in looking to the location of his property and does not have color of title to the lot on which he has built the structure, and there is a complete absence of fraud or acquiescence with knowledge on the part of the true owner, then improvements of a permanent nature placed on the land without consent of the owner become part of the realty and title thereto is vested in the owner. The Court observed further:
‘In a bare majority of the jurisdictions of this country wherein the question has clearly received consideration, support has been given to the rule that, not even in equity can one who has made improvements on the land of another, believing himself to be the owner, recover therefor, as plaintiff, where the owner has been guilty of no fraud, or acquiescence with knowledge, or other inequitable conduct.’
* * * * He ¡Je
‘Even in the absence of fraud, acquiescence with knowledge, or other inequitable conduct on the part of the owner of land, one who, mistakenly believing himself to be the owner, in good faith makes improvements on premises, may, ' as plaintiff, recover therefor, by way of lien or otherwise, where the circumstances render such relief just and equitable.’
84 So.2d at 564. The Court then concluded that, regardless of which rule applied, the decisions disclosed that equitable considerations have generally controlled the disposition of a case, and that although equity will not always relieve one from the result of his carelessness, negligence, or laches, “[t]he rule approved by the best considered cases is that the neglect, carelessness, or acquiescence with knowledge must be in contravention of a positive legal duty.” 84 So.2d at 564.
Applying these principles to the facts in that case, the Supreme Court noted that Forgue was notified after more than a month that he was building on land which belonged to Voss and at that time Forgue had hundreds of dollars worth of materials on the land and the building was near completion at a substantial cost. The Court then stated:
The chancellor also found that lots 15 and 16 were of substantially the same value, that they were adjacent, that ap-pellee was innocent of wrongdoing,- and that he should not be required to forfeit his expenditure. There is no contention that either of the lots had any peculiar *527 or intrinsic value. We do not approve appellee’s carelessness or laxness in looking to the location of his lot, but there is no showing that appellant was harmed and being so we find no good reason to reverse the chancellor. [Emphasis added.]
84 So.2d at 564-65.
Unlike Voss, in the case under review it simply cannot be said that appellant Brown suffered no harm because the lots were substantially similar and “there is no contention that either of the lots had any peculiar or intrinsic value.” 84 So.2d at 564. Here, Brown presented evidence of at least five significant differences. These differences were not in dispute and may be summarily described as follows.
First, topographic surveys of the two lots, introduced in evidence by Brown, show that tract 16 is substantially lower in elevation than tract 17. Second, tract 16 is heavily wooded, with thick underbrush, and the access road to it is overgrown. Third, Brown’s chain of title included conveyance to her of an undivided one-twenty-fifth interest in tract 14, which is located adjacent to a creek and reserved for recreation purposes. The conveyance of tract 16 ordered by the court below did not carry with it any such rights. Fourth, Davis’s title in tract 16 does not include oil, gas, and mineral rights because these rights were reserved by the preceding owners when the property was conveyed to Davis. Brown owns all such rights in tract 17, and the effect of the order below requires Brown to give up her mineral rights in exchanging the properties. Fifth, after suit was filed, Davis placed a mortgage upon a portion of tract 16 which remains outstanding; and under the judgment of the court below, appellant is required to accept that tract with an outstanding mortgage on it in exchange for her tract, which is free and clear of any mortgage indebtedness.
These differences are substantial and preclude any finding that no contention is made that neither lot has any peculiar or intrinsic value or that appellant will suffer no harm as in Voss v. Forgue. The majority opinion necessarily recognizes the existence of these intrinsic differences, for it undertakes to fashion remedies in equity and damages to compensate for them, but cites no authority for doing so. I believe the trial court has misapplied the Supreme Court’s decision in Foss v. Forgue in this case to justify the exchange of property, and that the majority opinion affirming this error introduces into the law of property substantial uncertainty concerning the right of ownership where previously none existed.
Appellant Brown testified that the reason she bought tract 17 rather than tract 16 was because the former has a significantly higher elevation and is nearer to the highway; she simply did not want to purchase tract 16. No reason is shown in the record why Brown should be compelled to accept a piece of land she does not want as payment for the value of her lot on which Davis’s house is wrongfully situated. At the very least, as discussed hereinafter, Brown should have been offered the election to receive cash compensation for her tract.
No doubt Brown made out a clear case entitling her to a judgment of ejectment against Davis, as pleaded in her complaint. It is equally clear, however, that to permit Brown to keep the house without compensation to Davis would be unconscionable and grossly inequitable. For this reason, the law does not leave Davis without remedy in Brown’s ejectment action; she can raise statutory remedies for betterment and equitable defenses to that action. Brown v. Johns, 312 So.2d 526 (Fla. 1st DCA 1975), aff'd following remand; Jim Walter Homes, Inc. v. Johns, 361 So.2d 825 (Fla. 1st DCA 1978). For example, Davis may perfect a claim for betterment in the ejectment action under the provisions of sections 66.031, et seq., Florida Statutes (1983), or recover payment for the value of the improvements by way of an equitable lien on the property. Voss v. Forgue, 84 So.2d 563. Alternatively, Davis may relocate the home from Brown’s property to her property. Hedges v. Lysek, 84 So.2d 28 *528 (Fla.1955); Brown v. Johns, 312 So.2d 526. Finally, the court is empowered in equity to give Brown the option of either paying for the improvements or accepting the value of the land from Davis without including the value of the improvements. Annot., 57 A.L.R.2d 263 (1958). Counsel for Davis pled these alternative remedies in Davis’s counterclaim to Brown’s action for ejectment.
There is no reason shown in the record for concluding that the only equitable way to accomplish a just result is to require an exchange of tracts. The record contains no evidence showing that the house on appellant’s property cannot be moved to its rightful location on the land owned by Davis, as prayed for in her counterclaim. Similarly, there is no showing in the record that Davis could not purchase the lot from Brown. On the contrary, there is an indication that Brown offered to sell the property to Davis and that Davis could obtain financing to consummate such purchase. Ordering one to divest himself of land he owns in exchange for an unwanted tract is such an extraordinary remedy that it should only be applied as a last resort when none of the foregoing alternatives are feasible.
In summary, substantial intrinsic and peculiar differences between tracts were shown to exist, and the equitable exchange of properties ordered by the court below should be reversed as inconsistent with the limitations placed on this extraordinary remedy by the Supreme Court in Voss v. Forgue, 84 So.2d 563. I would remand the case for further proceedings on the remaining issues raised by the pleadings.
I concur with the majority decision to require payment to appellant of her expenses for the topographical survey.
I also concur in the majority’s certification of its decision as passing upon a question of great public importance, but would restate the question as follows:
CAN A COURT EXERCISING ITS EQUITABLE POWERS ORDER EXCHANGE OF DEEDS TO TWO LOTS, DESPITE THE AVAILABILITY OF ALTERNATIVE STATUTORY AND COMMON LAW REMEDIES, WHEN THE OWNER OF ONE LOT MISTAKENLY CONSTRUCTS A BUILDING ON THE ADJACENT LOT OF THE OTHER OWNER AND THE LATTER OWNER OBJECTS TO SUCH EXCHANGE BECAUSE THERE ARE INTRINSIC DIFFERENCES BETWEEN THE LOTS THAT MAKE THE FORMER UNACCEPTABLE TO HER?