**In re Dennis B. DEVLIN d/b/a Desert Inn Resort Motel, Debtor.**

**Bankruptcy No. 94–03567–3F1.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 9, 1995.

Paul I. Orshan, Kluger, Peretz, Kaplan & Berlin, Miami, FL, for Resolution Trust Corp.

Alan M. Weiss, Holland & Knight, P.A., Jacksonville, FL, for Nat Max & Associates.

John B. Macdonald, Brant, Sapp, Moore, Macdonald & Wells, Jacksonville, FL, for Irene L. Devlin.

Richard R. Thames, Millsaps & Thames, P.A., Jacksonville, FL, for Dennis B. Devlin.

*ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO INCUR SECURED DEBT WITH SUPERPRIORITY STATUS PURSUANT TO 11 U.S.C. § 364(d)(1)*

JERRY A. FUNK, Bankruptcy Judge.

This Chapter 11 case came before the Court upon the debtor's motion for authority to incur secured debt with superpriority status. Notice of the proposed financing was circulated to all creditors and parties in interest on May 13, 1995 and, pursuant to Local Rule 2.19A(a)(1) and (a)(3), creditors and parties in interest were given 15 days within which to serve objections. No written objections to Debtor's motion were received. The Court is also familiar with this case from the numerous prior hearings held and pleadings filed in this case. Based on the forego-

ing, and Debtor's proffered testimony, the Court finds as follows:

1. Debtor is the operator of a 220–room resort motel located at 900 North Atlantic Boulevard in Daytona Beach, Florida, which is commonly known as The Desert Inn Resort Motel (the "Resort").

2. The Resort utilizes a centralized air conditioning system to cool the interior of its buildings. The current air conditioning system was installed in 1967 and ceased to function in 1993. Debtor has since utilized on a temporary basis two 75 ton air conditioning units to cool the building. These units have proved to be inadequate and need immediate replacement. Similarly, the Resort's boiler and hot water heaters are antiquated and subject to frequent breakdown. The Debtor has requested authority to obtain financing to replace these items as well.

3. Debtor solicited bids for the replacement of the air conditioning system, boiler, and hot water heaters, and determined that the minimum cost of replacing these units is $123,920.

4. Debtor does not have the funds to pay for the replacement equipment and related work out of available cash flow and, accordingly, must obtain outside financing to replace these items. Irene L. Devlin, Debtor's mother, has agreed to provide such financing contingent on her receiving a first priority lien on the real property where the Resort is located.

5. Legal title to the property is currently vested in Nat Max & Associates, a Florida general partnership. Debtor's interests in the Resort are derived under an executory purchase and sale contract which Debtor has moved to assume and assign to Deslin Hotels, Inc.

6. Nat Max & Associates has opposed assumption of the purchase and sale contract and the proposed plan of reorganization. If Nat Max & Associates' objections are sustained, there is a substantial risk that the Debtor's reorganization will fail and the case may convert to Chapter 7. In the event of a conversion, the prospects of a postpetition creditor being repaid in full are less than probable, even if such creditor were holding a Chapter 11 administrative expense claim superior to all others. There is also pending a foreclosure action by the Resolution Trust Corporation which stands to foreclose any subordinate interests in the Resort should the case convert to Chapter 7. Under these circumstances, therefore, the granting of a secured claim with superpriority status is the only way the Debtor is likely to obtain financing to replace the air conditioning system, boiler and hot water heaters.

7. The Resort is currently encumbered by a first priority mortgage lien held by the Resolution Trust Corporation ("RTC") to secure a debt of approximately $2.3 million. The Court is unaware of any other liens against the Resort. The RTC's interests in the Resort will remain adequately protected if its mortgage lien is subordinated to a lien in favor of Irene Devlin for the cost of replacing the air conditioning system, boiler, and hot water heaters. The RTC did not oppose the Debtor's motion.

8. At the hearing on this motion, Nat Max & Associates orally objected to the motion for the first time contending that the Court has no authority to encumber property for which the Debtor does not hold legal title. With respect to this issue, the Court finds first that Nat Max & Associates' oral objection is untimely. Secondly, the bankruptcy estate is comprised of all property interests of the Debtor, both legal and equitable. 11 U.S.C. § 541. Under Florida law, the Debtor holds an equitable interest in the Resort. *See, e.g., Pensacola Wine and Spirits Distillers, Inc. v. Gator Distributors, Inc.,* 448 So.2d 34, 35 (Fla. 1st DCA 1984) (when an option to buy is exercised, the vendee "becomes an equitable owner of the property pursuant to an executory contract"). Section 364(d)(1) permits the Court to authorize financing secured by a senior lien on *any* property of the estate if the Debtor is unable to obtain such credit otherwise.

9. The Court finds that, due to the pendency of this reorganization, Nat Max & Associates' objections and the pending RTC foreclosure, Debtor is unable to obtain unsecured credit or other secured financing under

§§ 364(a), (b) or (c) of the Bankruptcy Code to make the necessary repairs.

10. Finally, the replacement of the air conditioning unit, the boiler, and the hot water heaters is necessary to preserve the value of the Resort and maintain ongoing operations. The replacement of these items will inure to the benefit of *all* persons claiming an interest in the Resort—including Nat Max & Associates—regardless of whether Debtor successfully reorganizes. The replacement of the air conditioning system, boiler, and hot water heaters is in the best interest of the Debtor and its estate. It is therefore

ORDERED:

1. Debtor's motion for authority to incur secured debt with superpriority status pursuant to 11 U.S.C. § 364(d)(1) is granted.

2. To secure the repayment of $123,920, Irene L. Devlin is hereby granted a first priority mortgage lien on the real property located at 900 N. Atlantic Boulevard, Daytona Beach, Florida, which is more particularly described as follows:

> Lots 7, 8, 9, 10, 11, 12, 13, and 14, in Block 18, East Daytona, as recorded in Map Book 2, Page 106 of the Public Records of Volusia County, Florida, commonly known as the Desert Inn Motel,

senior to all other secured indebtedness, including that certain Mortgage Deed dated November 29, 1978 which is recorded in Official Records Book 2032, at Page 1544, of the Public Records of Volusia County, Florida. Said indebtedness shall be amortized over 5 years and bear interest at the rate of 9% per annum. The recording of a certified copy of this order in the Public Records of Volusia County, Florida, shall be sufficient to perfect this lien and Debtor need not take any further action in relation thereto.

3. All funds advanced by Irene L. Devlin in connection with the replacement of the air conditioning system, hot water heaters, and boiler at the Desert Inn Resort Motel shall be entitled to the good faith protections of 11 U.S.C. § 364(e).