Rachel SUSSMAN, Appellant,

v.

**AMERICAN SURETY COMPANY OF NEW YORK, Appellee.**

No. 21600.

United States Court of Appeals
Fifth Circuit.

May 20, 1965.

George Lincoln Knight, Hyzer, Knight & Lund, Miami, Fla., for plaintiff-appellant.

James E. Tribble, Blackwell, Walker & Gray, Miami, Fla., for defendant-appellee; Robert G. Young, Miami, Fla., of counsel.

Before TUTTLE, Chief Judge, and PHILLIPS * and WISDOM, Circuit Judges.

WISDOM, Circuit Judge:

Rachel Sussman, the appellant, seeks to enforce a state court judgment in the amount of $17,000 against the public liability insurer of the judgment debtor. The appellee, American Surety Company of New York, removed the case to the federal district court where it was tried on stipulated facts and documentary evidence. The district court dismissed the complaint. We affirm.

Sussman originally sued the appellee's insured, Mario's Algiers, Inc., in a Florida state court for damages for personal injury. The complaint alleged that the injuries were caused by the negligence of one of Mario's employees, when the lid of a stationary wash basin fell on the plaintiff's head while she was receiving a shampoo in a beauty shop operated by Mario.

Upon investigating the appellant's claim, American Surety concluded that it had no duty to defend the action, in view of the policy exclusion:

"It is agreed that * * * the policy does not apply to injury, sickness, disease, death, or destruction due to the rendering of or failure to render any cosmetic * * * services or treatments."

Thereupon the attorneys for American Surety moved for leave to withdraw as attorneys of record for Mario on the ground that American Surety did not owe a defense to Mario under its policy of insurance. Ten days after the motion to withdraw was granted, Sussman filed an amended complaint adding a new count alleging that defective equipment and improper maintenance caused her injuries. No notice of said amended complaint was given to American Surety or to its attorneys, although the insurance policy provided that "If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." Upon Mario's failure to file any answer, Sussman obtained a default judgment for $17,000 against Mario, based generally on the amended complaint. It is uncontroverted that American Surety had no knowledge of the amended complaint and of the proceedings until after the default judgment was rendered.

As the district court correctly held, the original complaint filed in the state court did not allege facts constituting a cause of action within the coverage of the American Surety policy issued to Mario. See Old Colony Ins. Co. v. Trapani, Fla.App., 1960, 118 So.2d 850; Ruggieri v. New Amsterdam Cas. Co., 1950, 276 App.Div. 1031, 95 N.Y.S.2d 832; Knorr v. Commercial Cas. Ins. Co., 1952, 171 Pa.Super. 488, 90 A.2d 387. In Zipperer v. State Farm Mutual Automobile Ins. Co., 5 Cir., 1958, 254 F.2d 853, 856, this Court stated the rule as follows: "Where, as here, the policy requires the insurer to defend suits brought against the insured, even if such suit is groundless, false or fraudulent, it is the law that if the complaint fails to allege facts which, if established, create liability within the policy, no duty rests upon the insurance company to defend the action or to pay a judgment obtained therein." The law of Florida is in accord. See Bennett Const. Co. v. Fidelity & Casualty Co. of New York, Fla.App., 1961, 132 So.2d 788.

Since American Surety was neither notified of the amended complaint nor given any opportunity to participate in the defense on the merits, it cannot be required to pay Sussman the amount of the state court judgment she obtained

* Senior Circuit Judge of the Tenth Circuit, sitting by designation.

against Mario. Zipperer v. State Farm Mutual Automobile Ins. Co.; and see other cases cited supra.

The judgment of the district court is affirmed.