252 So.2d 383 (1971)
William J. TURNER, Appellant,
v.
TRADE-MOR, INC., a Florida Corporation, Appellee.
No. 70-375.
District Court of Appeal of Florida, Fourth District.
September 17, 1971.
J. Russell Hornsby of Law Offices of J. Russell Hornsby, Orlando, for appellant.
Eli H. Subin, of Roth, Segal & Levine, Orlando, for appellee.
*384 CROSS, Judge.
Appellant-plaintiff, William J. Turner, appeals a summary final judgment entered in favor of appellee-defendant, Trade-Mor, Inc., in an action for breach of a contract to pay a salary commission. We reverse.
Plaintiff, pursuant to an oral agreement, managed and operated a grocery store owned by defendant. Under the terms of the oral agreement plaintiff was to receive as compensation for his services eight per cent of the gross sales of the store. The reduction to writing of the oral agreement, which was intended by the parties, never occurred.
Subsequently plaintiff terminated his services with defendant and instituted an action for breach of contract, alleging failure of defendant to pay the salary commission. At trial a verdict was returned by the jury in favor of plaintiff. The trial court on motion of defendant granted a new trial, which order on appeal was affirmed by this court. Turner v. Trade-Mor, Inc., Fla.App. 1968, 212 So.2d 119.
Pending a new trial, plaintiff sought permission of the trial court by motion to amend his complaint by adding a count in quantum meruit. The motion to amend the complaint was denied. Defendant then filed motion for summary judgment. Needless to say, the motion was granted and summary final judgment was entered in favor of defendant and against the plaintiff. This appeal followed.
The primary thrust of this appeal is whether the trial court erred in denying plaintiff's motion to amend his complaint. We must of necessity first determine if the proposed amendment to the complaint containing a count in quantum meruit is so inconsistent with the original complaint based on an alleged express contract as to change the basic issue or materially vary the grounds for relief.
Under rule 1.190, Florida Rules of Civil Procedure, 30 F.S.A. the amendment of pleadings is a matter within the broad, though not unbridled, discretion of the trial court. E.g., McSwiggan v. Edson, Fla. 1966, 186 So.2d 13; Triax, Inc. v. City of Treasure Island, Fla.App. 1968, 208 So.2d 669. However, Florida courts have long followed the policy of allowing litigants to amend pleadings freely in order that causes may be tried on their merits. Town of Coreytown v. State ex rel. Ervin, Fla. 1952, 60 So.2d 482; Richards v. West, Fla.App. 1959, 110 So.2d 698; Fouts v. Margules, Fla.App. 1957, 98 So.2d 394.
It is likewise the rule that amendments to pleadings should be allowed where the basic cause of action is not changed. McNayr v. Cranbrook Investments, Inc., Fla. 1963, 158 So.2d 129; contra, if amendments would change the basic issue or materially vary the grounds for relief. Warfield v. Drawdy, Fla. 1949, 41 So.2d 877; United States v. State, Fla.App. 1965, 179 So.2d 890.
The test of whether an amendment offered by a party sets forth a "new cause of action" is not whether the cause of action stated in the amended pleading is identical to that stated in the original. Rather, the test is whether the pleading as amended is based upon the same specific conduct, transaction or occurrence between the parties upon which the plaintiff tried to enforce his original claim. Gilbert v. Gilbert, Fla.App. 1966, 187 So.2d 49. See also Lopez v. Avery, Fla. 1953, 66 So.2d 689; McSwiggan v. Edson, supra. Also where an oral agreement fails for one reason or another to become binding on the parties, recovery in quantum meruit is appropriate. Carter v. Suggs, Fla.App. 1966, 190 So.2d 784.
In the case sub judice, the proposed amended complaint only sought to add a count in quantum meruit. The addition of the quantum meruit count was based upon the same specific conduct, transaction and occurrences between the parties as alleged in the original complaint, the only difference *385 being the original complaint alleged breach of an express contract.
Accordingly, no inconsistency having been made to appear from the amended complaint that would have changed the basic issue or materially varied the grounds for relief, it was error to deny the complaint to be amended. Cf. Keel v. Brown, Fla.App. 1964, 162 So.2d 321. The summary final judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
WALDEN and OWEN, JJ., concur.