PER CURIAM.
Appellant, plaintiff in the trial court, seeks review of: 1) an adverse final judgment, entered pursuant to a directed verdict for defendants; and 2) an order denying plaintiff’s post-trial motions, in an action by plaintiff seeking rescission of a contract entered into between deceased and defendants.
The appellant is the widow of Edward T. Kelly, who died on May 19, 1971, as the lawful owner of twenty (20) shares of stock in Edward A. Kelly & Sons, Inc., a Florida corporation.
The widow, individually and as Adminis-tratrix of her husband’s estate, filed her Complaint May 5, 1972, against the defendant corporation and the other stockholders of the defendant corporation named in a stockholders’ agreement attached to the Complaint.
*560 The Complaint prayed for an accounting and inspection of the defendant corporation’s books and records and rescission of the stockholders’ agreement entered into April 1971, which was entered into while the deceased was suffering from terminal cancer and did not possess the capacity to manage his affairs or enter into a timely contract. The agreement provided that the fair market value of the corporation was $100,000, and the Complaint alleges that in fact the business was worth in excess of $2,000,000.
On June 6, 1972, defendant, along with the other motions, filed their Amended Motion to Dismiss Complaint. On June 12, 1972, plaintiff filed an amendment to her Complaint, adding four (4) new paragraphs to her original Complaint and prayed in the amendment as follows:
“Wherefore, in addition to the relief heretofore prayed for, plaintiff prays that this court enter a declaratory decree declaring the contract in question to be void and to determine in full all her rights as a stockholder in Edward A. Kelly & Sons, Inc.”
The defendant answers the original Complaint and Amendment to Complaint. The trial was held on July 26, 1973, and the Court granted a final judgment for failure of the plaintiff to show a prima fa-cie case on her cause of action.
On August 1, 1973, plaintiff filed a Motion to Amend Complaint to conform to proof and filed a proposed Amended Complaint realleging what was alleged in the original Complaint and charging the defendant with failure to call corporate meetings and improperly spending corporate funds. The prayer in the proposed Amended Complaint sought the dissolution of the defendant corporation and such damages as she may be entitled to and construe and determine the legal rights of the plaintiff in regard to each of the defendants, in addition to the relief sought by the original Complaint and Amendment to the Complaint filed June 12, 1973. In addition to a Petition for Rehearing on the Final Judgment, the plaintiff filed a Motion to File Supplemental Complaint. The proposed Supplemental Complaint realleges the same complaints as in the former pleadings and prayed for the same relief, and asked the Court to enter a declaratory judgment defining the settling and declaring all the rights of the plaintiff regarding said agreement.
The Court denied all the post-trial motions and found that the plaintiff failed to prove fraud, undue influence or that the physical or mental condition of the plaintiff’s deceased would be a basis for rescission of the contract. The Court also found that during the trial the defendant admitted that plaintiff’s decedent owned twenty (20) shares of stock and was now owned by the plaintiff and that she was in physical possession of the stock. The Court further found that other issues remain existing between the plaintiff and the defendant and it was a matter of a separate lawsuit for the plaintiff to seek the contract price of stock, allowing the defendant to counterclaim for advances and set off.
We determine many of the allegations and relief sought in the proposed Amendment to Complaint to Conform with Proof and Supplemental Complaint are wholly inconsistent with and unrelated to the allegations of the Complaint and Amendment to Complaint upon which the issues were framed for trial. We believe the trial court properly denied such motions as this is a matter within the judge’s discretion. Turner v. Trade-Mor, Inc., Fla.App.1971, 252 So.2d 383. We also determine there was no abuse in his discretion in finding there was no basis for rescission of the stockholders’ agreement. However, at the trial it was admitted that the widow was entitled to and had possession of the twenty (20) shares of stock; we believe that since the Amendment to the Complaint filed June 12, 1972 prayed for a determination in full of her rights as *561 a stockholder, the widow was entitled to know if she was going to receive money for the stock as set forth in the agreement. The Court in dismissing the lawsuit without an adjudication of her position in respect to the twenty (20) shares of stock which she had in her possession is an untenable position of not knowing whether she is entitled to the money or the stock.
We remand for retrial for further testimony for the Court to determine whether the widow is entitled to the money or the stock.