482 A.2d 503

Rollie J. WASHINGTON, et al.

v.

**FEDERAL KEMPER INSURANCE COMPANY.**

No. 1723 Sept. Term, 1983.

Court of Special Appeals of Maryland.

Oct. 16, 1984.

Certiorari Denied Feb. 5, 1985.

Allan P. Feigelson, Riverdale, for appellants.

David C. Barclay, Annapolis, with whom were Franch, Earnest & Cowdrey, P.A. on brief, for appellee.

Argued before GILBERT, C.J., and MOYLAN, and LISS, JJ.

LISS, J.

This case was originally filed in the Circuit Court for Anne Arundel County by appellants Rollie J. Washington, Trustee for the benefit of Washington and Washington

Enterprises, Inc., and Rollie J. Washington, individually, against Federal Kemper Insurance Company, the appellee (hereafter Kemper). The complaint sought declaratory judgment and other relief and recited the following facts.

Washington and Washington Enterprises, Inc. was a Maryland corporation whose charter was permitted to be dissolved and Rollie J. Washington succeeded as trustee for the benefit of the corporation. During its existence the corporation was a small, family-owned residential construction business.

In March of 1979, appellants entered into a contract to erect a dwelling in Anne Arundel County for William J. and Annie G. Lewis. On April 24, 1979, Washington and Washington Enterprises, Inc. purchased a Combination Automobile-General Liability Policy of insurance from the appellee through Arrow Insurance Agency (not a defendant or otherwise a party to this case).

Appellants alleged that this policy of insurance covered among other subjects, warranties of fitness and quality of the named insured's products and warranties that the work performed by or on behalf of the named insured would be performed in a workmanlike manner.

When the house had been completed the Lewises were dissatisfied with the construction of the dwelling and sued Washington and Washington Enterprises, Inc. and Rollie J. Washington and Dorothy A. Washington, his wife, in the Circuit Court for Anne Arundel County. The complaint contained eight counts: Count One (breach of contract); Count Two (unjust enrichment); Count Three (breach of express warranty); Count Four (breach of implied warranty); Count Five (negligence); Count Six (breach of fiduciary duty); Count Seven (fraud); and Count Eight ("common law tort") Counts Six, Seven, and Eight were not against any of the Washingtons individually only Counts Four and Five alleged personal injury to the Lewises.

Rollie J. Washington was served with process in the Lewis suit on May 28, 1981 and on June 12, 1981 filed a

general issue plea through his attorney, Alan Feigelson. It is conceded that Kemper was not then notified of the Lewis suit.

The Lewis action was tried before an Anne Arundel County jury in October of 1982. At the close of the plaintiff's case, Washington's attorney moved for a directed verdict and the presiding judge granted the motion as to Counts Two and Five. At the close of the entire case the trial judge granted a directed verdict in favor of the defendants on Count One. The case was then submitted to the jury on Counts Three and Four and the jury returned a verdict in favor of the Lewises against the defendants in the amount of $11,616.07.

The night after the verdict was entered, Mr. Washington testified that he received a "vision" from God, and as a result he tore through his business records and discovered the Kemper insurance policy which he had purchased in April of 1979. The Washingtons unsuccessfully appealed the Lewis verdict to this Court. *See Washington v. Lewis*, No. 608, September Term, 1983, filed February 16, 1984. On November 9, 1982, Mr. Washington's attorney put Kemper on notice of the Lewis lawsuit and the subsequent verdict and appeal. Kemper denied coverage, refused to pay the judgment, and refused to take over the prosecution of the Washingtons' appeal.

The result of this action by Kemper was the institution of the declaratory judgment suit which is the subject matter of this appeal. In that suit appellants sought to have the trial court declare that the policy issued by the appellee extended full coverage to them for the Lewis lawsuit, and that appellee be required to pay all costs of defense including legal fees, costs of appeal and new trial, if necessary. The Circuit Court, after a hearing, declared that Kemper owed the appellants no defense or reimbursement for costs of defense in the Lewis case, and was not required to indemnify the plaintiffs for any judgment that resulted from the trial of the Lewis complaint. He further held that appellee

was not obligated to assume any costs in connection with the appeal to this Court of the verdict in the Lewis case or for costs in the declaratory judgment suit. It is from that decree that this appeal was seasonably filed and the following questions were raised by the appellant:

I. Did the lower court err in not permitting Rollie Washington to testify as to what he was told by Arrow Insurance Company?

II. Did the lower court err in ruling that Kemper met its burden of proof as to actual prejudice?

III. Did the lower court err in holding that the exception to the exclusion does not create an ambiguity to be construed against the draftsman?

IV. Did the lower court err in failing to find that Kemper owed a duty to pay Rollie Washington's counsel fees for defending Lewis' suit?

We find it necessary to answer only the second and fourth questions raised by the appellant as the answers to these queries are dispositive of the controversey in this case.

## II.

The policy issued to Washington and Washington by Federal Kemper contained a standard condition requiring the insured to notify the insurer of any occurrence or claim possibly falling within the coverage provided.

No. 4: *Insured's Duties in the Event of Occurrence, Claims or Suit.*

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.

(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the

company every demand, notice, summons or other process received by him or his representative.

The inclusion of such a notice provision is valid and enforceable under the law. Couch on Insurance § 51:123 at page 630 (2d Ed.1959) states:

> The purpose of such requirement is to enable the insurer to defend itself promptly concerning the accident, investigate the circumstances and prepare a timely defense, if necessary, on behalf of the insured.

Prior to 1964, the rule in Maryland was that an insurer was not liable to defend an insured unless there was compliance by the insured with the policy requirement of notice of the accident and forwarding of the suit papers to the insurer. Compliance with the policy provision was a condition precedent to the insurer's liability, whether or not the insurer was prejudiced. *Watson v. United States Fidelity and Guarantee Co.*, 231 Md. 266, 189 A.2d 625 (1963); *Employer's Liability Assurance Corp. v. Perkins*, 169 Md. 269, 181 A. 436 (1935).

In response to the Court of Appeals decision in *Watson*, the Maryland General Assembly enacted Chapter 185 of the Laws of 1964, effective June 1, 1964. This statute is now codified as Section 482 of Article 48A of the Maryland Code:

> Where any insurer seeks to disclaim coverage on any policy of liability insurance issued by it, on the ground that the insured or anyone claiming the benefits of the policy through the insured has breached the policy by failing to cooperate with the insurer or by not giving requisite notice to the insurer, such disclaimer shall be effective only if the insurer establishes, by a preponderance of affirmative evidence that such lack of cooperation or notice has resulted in actual prejudice to the insurer.

It is clear, therefore, that the law in Maryland presently requires proof not only that the insured failed to provide the requisite notice to the insurance company but that the insurer suffered actual prejudice from the insured's failure to comply with the policy requirements.

At the hearing on the declaratory judgment suit the insurer presented the evidence of one of its liability claims supervisors who testified concerning the procedure which would be adopted by Kemper where a dispute arose between the insurer and the insured as to coverage under a specific policy. The supervisor indicated that an agreement to defend form would be required to be executed by both parties in order to protect the rights of all parties to the dispute. Once the agreement to defend had been signed, counsel to defend would be assigned by Kemper, and Kemper would continue its investigation and assist counsel with discovery. The supervisor testified specifically that in his opinion a portion of the claim against Washington, *i.e.*, the allegation of negligence and personal injury, would have required Kemper to defend at least as to that portion of the claim, but that in his opinion there was no coverage on the other aspects of the claim. The final conclusion of the supervisor, as testified to, was that if Federal Kemper had received timely notice of the suit, it would have had an expert examine the premises, obtained reports from the Veterans Administration and the county inspectors, taken witness statements, tendered a defense after a reservation of rights agreement had been signed, all because of the allegations of personal injury and negligence. The trial judge determined that Federal Kemper did not receive timely notice, "... they did not get the notice of it until after the horse was literally gone and a verdict was in." The court held Kemper's rights to investigate, evaluate coverage, choose defense counsel, and attempt to settle were substantial rights which were denied by the appellant's conduct in this case which resulted in substantial actual prejudice to the appellee.

Appellants challenge the trial court's finding of prejudice as being clearly erroneous and cite as authority the case of *Harleysville Insurance Company v. Rosenbaum*, 30 Md. App. 74, 351 A.2d 197 (1976). A review of the facts in that case convinces us that it is factually inapposite to the case at bar.

In *Harleysville*, this Court had before it a case in which an assured had been involved in an accident on March 24, 1973. He failed to give notice to the insurance company but by the 11th of April, 1973, Harleysville had received notice of the accident from another source. Harleysville wrote two letters to the assured urging him to comply with the policy's notice and cooperation clauses and warning that a failure to comply would result in a disclaimer of coverage. Suit was filed on July 3, 1973 and a declaratory judgment action to determine coverage and duty to defend was filed on January 3, 1974. The assured died on February 1, 1974 before the suit for declaratory judgment came on for trial.

Harleysville contended that it was entitled to disclaim liability under its policy because its assured breached the "notice" and "assistance and cooperation" provisions of the policy. It asserted that it suffered actual prejudice as a result of these breaches because the insured died before trial, without having given Harleysville any account of the accident.

Appellants argue that the language used in *Harleysville* at p. 84, 351 A.2d 197 is dispositive:

In order to show "actual prejudice", it is necessary to show an act on the part of the insured which had or could have had any effect upon the jury which induced them or in any way caused them to render the verdict against himself. Stated another way, the insurer must establish a substantial likelihood that if the cooperation, or notice clause had not been breached, the insured would not have been held liable.

We do not agree that this dicta is controlling in the case at bar. In *Harleysville*, this Court finally concluded that the trial court's finding of no prejudice was premature, coming, as it did, before the trial of the underlying tort action.

We do not perceive that Art. 48A, § 482 of the Maryland Code requires the insurance carrier to assume the burden of proving a negative. It is impossible for the carrier to

demonstrate to the court what witnesses it might have discovered, what defense it might have made, and what disposition it might have reached in settlement if it had received notice before the verdict was rendered in this case. *See* Note—"A Legal Process Analysis for a Statutory and Contractual Construction of Notice and Proof of Loss Insurance Disclaimers" *Geico v. Harvey*, 38 Md.L.Rev. 299, 317 *citing Brakeman v. Potomac Insurance Co.*, 472 Pa. 66, 371 A.2d 193 (1977); J. Appleman, Insurance Law and Practice § 4732 (1962).

In *Greer v. Zurich Insurance Company*, 441 S.W.2d 15 (Mo.1969), the court had before it a trial court's finding of prejudice arising from late notice of the filing of a suit against its insured. Although Missouri did not at that time have a statute similar to Art. 48A, § 482, in considering the issue of prejudice where no notice was given until some five months after judgment, the court, in discussing the testimony of a claims superintendent and a claims lawyer, said:

> They described in considerable detail the procedures employed in preliminary investigation of such cases, the selection of trial counsel and the possibility of settlement prior to judgment. On this and other evidence which need not be related, the trial court found that Zurich had been prejudiced by reason of the delayed notice. Considering all the evidence, the trial court's judgment in this regard cannot be said to be clearly erroneous and is affirmed. *Id.*, 441 S.W.2d at 32–33.

■ In such cases where the insurer has been deprived of all opportunity to defend, the mere entry of the adverse judgment is affirmative evidence of actual prejudice to the insurer. *Cf.*, *Navigazione Alta Italia v. Columbia Casualty Company*, 256 F.2d 26 (5th Cir.1958) (notice received after entry and satisfaction of judgment against insured for $20,354.08 was prejudicially late); *Gerrard Realty Co. v. American States Ins. Co.*, 89 Wis.2d 130, 277 N.W.2d 863 (1979) (notice 22 months after occurrence and after trial but prior to entry of judgment was prejudicial non-compliance with policy as matter of law).

■ We do not find the trial court's conclusion that there was actual prejudice to the appellee by reason of the appellant's failure to notify and cooperate was clearly erroneous and shall affirm this portion of his declaratory decree. Maryland Rule 1086.

## IV.

Finally, appellants urge that we find that the trial judge was clearly erroneous in ruling that Kemper owed no duty to pay Washington's counsel fees in full or in part in this case. We do not so find. Appellants argue that Federal Kemper would have been obligated to provide a defense to the action in this case if they had received timely notice. It is conceded that if timely notice had been given Kemper would have been required to defend because the suit included claims for bodily injury arising out of the insured's negligence. Kemper agrees that unless *all* the allegations of an action against an insured are excluded by a policy, there is a duty to defend. *Brohawn v. Transamerica Insurance Co.*, 276 Md. 396, 347 A.2d 842 (1975). Kemper had no duty to defend, however, until the assured *requested* a defense. *See* Couch on Insurance 2d § 51:35 page 444 (2d Ed.1959) *citing, inter alia, Detroit Automobile Inter-Insurance Exchange v. Higginbotham*, 95 Mich.App. 213, 290 N.W.2d 414 (1980); *American Mutual Liability Ins. Co. v. Michigan Mutual Liability*, 64 Mich.App. 315, 235 N.W.2d 769 (1975); *Manny v. Estate of Anderson*, 117 Ariz. 548, 574 P.2d 36 (1977).

■ Where, as here, the request to defend is not made until after the case against its insured has been tried, the insurer is entitled to base its determination of duty to defend on the facts as they have been determined by the judge or jury. There is no reason for the insured to refer to the allegations of the initial pleading after the case has been tried. Where the findings of fact have limited the claims against the insured to claims outside the scope of insurance coverage at the time the request for defense is

made, then the insurer is justified in refusing to defend its insured at that time. *Cf., Steyer v. Westvaco Corp.,* 450 F.Supp. 384 (D.C.Md.1978) *citing, Brohawn v. Transamerica Insurance Co., supra; Bundy Tubing Co. v. Royal Indemnity Co.,* 298 F.2d 151, 154 (6th Cir.1962); *Employers Mutual Liability Insurance Co. v. Hendrix,* 199 F.2d 53, 56–57 (4th Cir.1952).

■ To summarize, the trial court reached the following conclusions in this case: (1) that the insured failed to give timely notice to Kemper and that Kemper met its burden of proof in establishing actual prejudice resulting from the failure of the insured to give timely notice; (2) that there was no duty on Kemper to defend until a request for defense was timely made and that because the request did not occur until after judgment had been entered against the appellants there was no requirement that Kemper must pay for the cost of defense.

We find no error in either law or fact in the trial court's conclusions.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANTS.