561 So.2d 1314 (1990)
Richard BAKER As Personal Representative of the Estate of Richard Baker, Jr., Appellant/Cross Appellee,
v.
CASUALTY INDEMNITY EXCHANGE, and Michael Dobbs, D/B/a Venturi's Pizza, Appellees/Cross Appellants.
No. 88-1686.
District Court of Appeal of Florida, Fourth District.
May 30, 1990.
*1315 Philip M. Burlington of Edna L. Caruso, P.A., and Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellant/cross appellee.
Scott W. Dutton and Frank B. Lieppe of Santos & Dutton, P.A., Tampa, for appellees/cross appellants.
GARRETT, Judge.
Appellant seeks review of the trial court's final judgment. Appellee cross appeals.
An employee of Venturi's Pizza leased the restaurant to celebrate her son's 19th birthday and served alcoholic beverages. One of the guests, eighteen-year-old Richard Baker, Jr., left the party intoxicated and died after his car crashed into a tree. The deceased's father, as personal representative, sued Michael Dobbs (Dobbs), the owner of the restaurant. The complaint alleged violations of sections 562.11 (possession of alcoholic beverages by a person under 21) and 768.125 (liability for injury resulting from intoxication), Florida Statutes (1983). Appellee, Dobbs' insurer, denied coverage. Dobbs assigned his policy rights to the father when they reached a settlement. The amended complaint added a second count for declaratory relief and named appellee as a defendant. The trial judge found that appellee did not breach its duty to defend Dobbs "given the allegations found within the four corners of the complaint" and that appellee did not owe a duty to indemnify appellant because the policy excluded coverage for any liquor liability "arising from the premises under the circumstances as factually presented... ."
Paragraph (h) of the policy section entitled Bodily Injury and Property Damage Liability lists the following exceptions:
This insurance does not apply:
(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed
(i) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
(ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;
but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above.
In Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 941 *1316 (Fla. 1979), the supreme court interpreted paragraph (h):
Our understanding of paragraph (h) is that it sets out two categories of persons excluded from coverage: (h)(1), those actively "engaged in the business" and (h)(2), owners and lessors of the premises such business is conducted upon. But the two qualifying clauses limit the scope of the exclusion "if liability is imposed", (i) because of a violation of an alcoholic beverage law or (ii), by reason of the dispensing of an alcoholic beverage to a minor or an intoxicated person.
The court also adopted the following construction of paragraph (h):
[T]he exclusions in paragraph (h) apply when: the insured is either engaged in the business of manufacturing, distributing, selling, or serving alcohol, or owns or leases the premises upon which such activity is conducted; and the insured violates a statute, ordinance, or regulation, pertaining to liquor sales or distribution, or transfers liquor to a minor, an intoxicated person, or to one who is thereby rendered intoxicated; and such an act is the proximate cause of the plaintiff's injuries or damages. * * * [A]n owner or lessor is covered when he has not violated an alcoholic beverage statute, ordinance, or regulation... .
Id. at 940-941.
An insurer's duty to defend is determined solely by the allegations of the complaint against its insured, not by the actual facts nor by its insured's version of the facts or defense. Reliance Ins. v. Royal Motorcar Corp., 534 So.2d 922, 923 (Fla. 4th DCA 1988), rev. denied, 544 So.2d 200 (Fla. 1989).
We affirm the trial judge's ruling that appellee had no duty to defend since the amended complaint failed to state a cause of action covered by the policy. The policy excluded any violation of an alcoholic beverage statute and Florida does not recognize a common law cause of action for the negligent serving of alcoholic beverages to minors. Pritchard v. Jax Liquors, Inc., 499 So.2d 926 (Fla. 1st DCA 1986), rev. denied, 511 So.2d 298 (Fla. 1987); see Barnes v. B.K. Credit Service, Inc., 461 So.2d 217 (Fla. 1st DCA 1984), rev. denied, 467 So.2d 999 (Fla. 1985).
We also affirm the trial judge's finding of no coverage. Appellee did not lease the restaurant to his employee for use in the business of manufacturing, distributing, selling or serving alcoholic beverages. But, even if we concluded that the employee's lease constituted the business of serving alcoholic beverages, there would be still no coverage since appellant's complaint alleged that the employee violated an alcoholic beverage statute.
Due to our affirmance of the appeal, we do not address the issues raised by appellee's cross appeal.
AFFIRMED.
GLICKSTEIN and DELL, JJ., concur.