608 So.2d 931 (1992)
FLORIDA FARM BUREAU Mutual INSURANCE COMPANY, Appellant,
v.
Gilbert JAMES and Barbara James, his wife, d/b/a G.N.J. Farms, Appellees.
No. 91-1147.
District Court of Appeal of Florida, Fourth District.
November 18, 1992.
Rehearing Denied December 29, 1992.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
McCall & Byrd, P.A., Palm Beach, Russell S. Bohn and Philip Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellees.
DIMITROULEAS, WILLIAM P., Associate Judge.
Florida Farm Bureau Mutual Insurance Company, the defendant below, appeals the lower court's granting of a final summary judgment in favor of Gilbert and Barbara James, the plaintiffs below. Florida Farm *932 Bureau raises several points on appeal; one of which is dispositive, and we reverse.
In 1983, the appellees filed suit against Old South Mills and others, alleging that pig feed purchased from Old South Mills caused injury and death to appellees' swine herd. In that suit, appellees alleged that Old South Mills negligently formulated the pig feed and that they breached their duty to provide nutritionally sound pig feed.
Old South Mills' insurer, Florida Farm Bureau, refused to defend it in the lawsuit on the ground that Old South Mills' policy did not cover products liability claims such as the one alleged in the complaint for defective feed. However, Old South Mills was instructed to notify Florida Farm Bureau if the allegations in the complaint changed so that Florida Farm Bureau could reevaluate whether it had a duty to defend Old South Mills in the lawsuit. At trial, the appellees abandoned the defective-feed theory, as alleged in the complaint, and argued that Old South Mills had been negligent in delivering the wrong feed. The jury returned a verdict in appellees' favor upon the latter theory.
Subsequently, appellees filed this suit against Florida Farm Bureau alleging that it had breached its duty to defend Old South Mills. It is well-settled that an insurer's duty to defend is determined solely by the allegations of the complaint against the insured. Baker v. Casualty Indem. Exchange, 561 So.2d 1314 (Fla. 4th DCA 1990). In determining that Florida Farm Bureau breached its duty in this case, the trial court relied upon Florida Farm Bureau Mut. Ins. Co. v. Gaskins, 405 So.2d 1013 (Fla. 1st DCA 1981). That case involved whether an insurer under a general liability policy, similar to the one in this case, was liable for an insured's negligent delivery of a herbicide instead of an insecticide. The appellate court held that the general liability policy covered that negligent delivery of the wrong product. We acknowledge that negligent delivery of the wrong product, chicken feed instead of pig feed, was also apparently proven at the underlying trial in this case. However, the allegations in the complaint did not involve negligent delivery of the wrong product; instead they alleged only that defective feed had been delivered. Florida Farm Bureau properly relied upon those allegations in denying coverage. Florida Farm Bureau had no duty to continue to actively monitor the case to see if the allegations of appellees would later change, as they apparently did here at trial. Florida Farm Bureau appropriately notified Old South Mills that the policy did not cover products liability claims, but to let it know if the complaint changed. Old South Mills, which at the time of trial was bankrupt, never notified Florida Farm Bureau of the change of allegations. Where the insurance company rightfully refuses to defend the initial complaint and is not notified of any further amendments which may bring the action within coverage nor given an opportunity to participate in the defense on the merits, it cannot be required to pay to the plaintiff the amount of a judgment obtained against the insured. Sussman v. America Surety Co. of New York, 345 F.2d 679 (5th Cir.1965). See also Federal Ins. Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979). Consequently, Florida Farm Bureau had no duty to defend or pay the judgment under the insurance policy as written. The trial court erred by entering summary judgment for the appellees.
This cause is reversed and remanded with instructions for the trial court to enter summary judgment for appellant, Florida Farm Bureau.
REVERSED AND REMANDED.
WARNER J., concurs.
POLEN J., concurs specially with opinion.
POLEN, Judge, concurring specially.
While I reluctantly agree with the result reached by the majority, I believe that Florida Farm Bureau (F.F.B.) should have followed a different procedure. Rather than just refusing to defend on the basis that the allegation made in the complaint was that the feed formula was incorrect (product liability) and not that the wrong feed *933 was delivered (general liability), a great deal of time and money could have been saved if F.F.B. had filed a declaratory action under section 86.011, Florida Statutes (1992).[1]
In cases such as this where the complaint could sound in simple negligence or products liability, the insurance company should file a declaratory judgment because: "[a]n insurance company's duty to defend is separate and distinct from its duty to pay and more extensive." Klaesen Bros., Inc. v. Harbor Ins. Co., 410 So.2d 611, 612 (Fla. 4th DCA 1982) (emphasis added). Seven years elapsed before the Jameses brought suit against F.F.B. Because F.F.B.'s coverage was questionable, the filing of declaratory judgment could have saved at least part of seven years worth of time and money. If a court had declared the duty to defend, the Jameses could have been more attentive to whether their complaint alleged conduct under which Old South would have coverage. However, if a court had declared no duty to defend (i.e., no coverage), there would have been little incentive in pursuing a judgment against Old South who could not pay. The fact that we have ultimately concluded that Florida Farm Bureau had no liability for the Jameses' claim comes at the end of a long, expensive, and apparently futile effort for the Jameses to obtain compensation for their loss. A declaratory action brought "up front" might have alleviated some of this litigation.
NOTES
[1] Section 86.011, Florida Statutes (1992), states:

The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed. No action or procedure is open to objection on the ground that a declaratory judgment is demanded. The court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment... .