**ALLSTATE INSURANCE CO., Plaintiff,**

v.

**OCCIDENTAL INTERNATIONAL, INC., Omar Chavez, Sandra Rodriguez Hernandez, Defendants.**

**Civil No. 96–1684 (JP).**

United States District Court, D. Puerto Rico.

June 6, 1997.

Francisco J. Colón–Pagán, San Juan, PR, for Plaintiff.

Eugene F. Hestres–Vélez, Bird, Bird & Hestres, San Juan, PR, for Defendants.

## OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

Plaintiff in this action seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, to clarify its rights and obligations vis-a-vis the defendants. Subject matter jurisdiction is predicated on the diverse citizenship of the parties and the amount in controversy.

A jury found defendants Occidental and Chávez liable to Ms. Sandra Rodríguez in *Rodríguez Hernández v. Occidental International; Omar Chávez; Edwin Miranda Vélez; and the Puerto Rico Electric Power Authority*, Civ. No. 92–2701(JAF), 1994 WL 394855 (D.P.R.1995), a case involving allegations of sexual discrimination, hostile environment, sexual harassment, *quid pro quo* sexual harassment, unjust termination in violation of Puerto Rico law and violation of Ms. Rodríguez' right to privacy and dignity as guaranteed by the Puerto Rico Constitution. As a result of that jury verdict, which defendants are appealing, defendants were found liable to Ms. Rodríguez for damages in the amount of $200,000.00. She is also seeking a substantial sum from defendants to cover her attorney's fees.

Occidental is covered by a commercial general liability insurance policy ("Policy") issued by plaintiff. Plaintiff seeks a declaration that it has no obligation to provide legal representation to defendants Occidental and Chávez on the appeal of civil case No. 92–2701(JAF) nor a duty to indemnify them for any amounts they are required to pay Rodríguez in that case.

The parties met with the Court on January 15, 1997, for an Initial Scheduling Conference. At that conference, the Court determined that two issues would likely prove dispositive in this case: 1) whether Florida or Puerto Rico law applies to this dispute; and 2) whether defendants' failure to promptly notify plaintiff of the claim against them exonerated plaintiff of its duties to provide legal representation and indemnify defendants. Currently pending before the Court are defendants' Memorandum of Law in Compliance with Initial Scheduling Conference Order (**docket No. 25**), plaintiff's Motion for Summary Judgment in Favor of Plaintiff (**docket No. 26**), defendants' Motion for Summary Judgment (**docket No. 32**), and plaintiff's Response to Defendants' Memorandum of Law Filed in Compliance with the Initial Scheduling Conference Order (**docket No. 33**). With respect to defendants' Motion Submitting Motion for Summary Judgment and for Reconsideration of Order Granting Plaintiff's Motion for Leave to File Response to Defendants' Memorandum of Law or in the Alternative for Leave to File Surreply (**docket No. 31**), the Court rules as follows: the Court hereby **ACCEPTS** defendants' motion for summary judgment and **DENIES** the motion for reconsideration and for leave to file a surreply.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no-genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993); *Libertad v. Welch*, 53 F.3d 428, 433 (1st Cir.1995); *National Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995), *cert. denied*, —— U.S. ——, 115 S.Ct. 2247, 132 L.Ed.2d 255 (1995).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. *Kennedy v. Josephthal & Co.*, 814 F.2d 798, 804 (1st Cir.1987). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. *Mack v. Great Atl. and Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be re-

solved before attending to related legal issues. *Mack,* 871 F.2d at 181.

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Thereafter, the burden shifts to the nonmovant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that he can produce the quantum of evidence [necessary] to enable him to reach the jury with his claim." *Hahn v. Sargent,* 523 F.2d 461, 468 (1st Cir.1975); *see also Brennan,* 888 F.2d at 191. The nonmovant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Indeed, the nonmovant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

## III.  UNCONTESTED FACTS

The following are the uncontested facts relevant to the choice-of-law question and the legal implications of defendants' failure to promptly notify plaintiff of the Rodríguez claim. A copy of the insurance contract is included in the record as Exhibit A to the amended complaint (docket No. 4).

1.  Occidental is a Florida corporation with its principal place of business in Miami, Florida, and is a citizen of Florida.

2.  Chávez is a citizen and resident of Florida.

3.  Rodríguez is a citizen and resident of Puerto Rico.

4.  Chávez is the president, chief executive officer and primary shareholder of Occidental.

5.  Occidental had an office in Puerto Rico with various employees, including Rodríguez, who was the office manager.

6.  The Rodríguez complaint, as amended, alleged in relevant part:

This is an action for money damages for violation of the constitutional rights of plaintiff Sandra L. Rodríguez Hernández, a former employee of the company Occidental International. The plaintiff alleges that she was dismissed from her position at Occidental International by her boss, defendant Omar Chávez, due to her refusal to submit to sexual demands and harassment carried out by defendant Engineer Edwin Miranda, an official of the defendant Puerto Rico Electrical Power Authority, who wielded a great deal of influence with respect to the business relationship between Occidental International and the Power Authority.

.       .       .       .       .

The actions taken by these defendants, and described herein, including the sexual harassment and discrimination against plaintiff, the creation of a sexually hostile environment, the retaliatory actions taken against the plaintiff, up to and including dismissal, and the failure to act upon receipt of her complaints, constitute illegal sex discrimination and sexual harassment, in violation of the laws of the United States, for which the plaintiff is entitled to back pay and related benefits and interest thereon, compensatory damages, as well as punitive damages, and costs, interests and attorneys [sic] fees.

7.  Miranda Vélez was an employee of the Puerto Rico Electric Power Authority ("PREPA") and served as the contact with Occidental regarding the purchase of transformers.

8.  Rodríguez was terminated by Occidental on April 2, 1992, after having worked for Occidental from 1988–1992.

9.  Rodríguez' lawsuit, Civil Case No. 92–2702(JAF), was filed in June of 1993.

10.  A jury verdict was rendered on September 1, 1995, against Occidental and Chávez in Civil Case No. 92–2702(JAF), in the total amount of $200,000.00.

11.  Rodríguez has filed post-trial motions seeking attorney's fees and costs in excess of $420,000.00.

12. On October 25, 1995, Occidental and Chávez notified Allstate of the Rodríguez lawsuit for the first time.

13. Occidental and Chávez have appealed the jury verdict in the Rodríguez lawsuit, and have demanded that Allstate undertake their defense and representation in said appeal as well as in the post-trial matters in the Rodríguez lawsuit.

14. Occidental and Chávez assert that Allstate is obligated to indemnify them for any amounts awarded to Rodríguez.

15. The Policy provides in relevant part:

### Liabilities Covered

We will pay on behalf of persons insured all sums which they become legally obligated to pay as damages arising out of an accidental event, personal injury or advertising injury that occurs while this policy is in effect.

"Accidental event" means an accident, including continuous or repeated exposure to the same conditions, resulting in bodily injury or property damage. An accident cannot be intended or expected by any persons insured, except for the use of reasonable force to protect persons or property.

16. The Policy requires that Occidental and Chávez provide notice of any liability claim and provide copies of all legal documents. In relevant part, the Policy provides:

11. What To Do If You Have a Loss

.    .    .    .    .

If someone is injured or makes a liability claim against any person insured, that person insured must:

a. Promptly notify us or one of our agents of what happened. You must also furnish us the necessary information regarding the time and place of the event and the names and addresses of any witnesses and injured people.

17. Occidental sold transformers worth more than $100,000.00 to the Puerto Rico Electric Power Authority ("PREPA").

18. The insurance Policy was taken out in Florida but covers acts occurring in Puerto Rico.

## IV. CHOICE OF LAW

Determining which law applies to this controversy is key since Puerto Rico and Florida, the two potential sources of law, differ with respect to which party bears the burden of showing whether the insurer was prejudiced by an insured's breach of a notice-of-suit clause in an insurance contract. In Puerto Rico, the insurer must show that it was prejudiced by the insured's failure to timely notify it of a claim. Under Florida law, prejudice to the insurer is presumed if the insured breaches the notice provision, and the insured bears the burden of rebutting this presumption by showing that the insurer was not prejudiced by lack of notice.

A federal court sitting in a diversity case must apply the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Therefore, this Court must apply Puerto Rico principles of conflict of laws to determine the substantive law applicable to this dispute. The Supreme Court of Puerto Rico has indicated that contract disputes are to be resolved through application of the law of the jurisdiction with "the most significant contacts with respect to the disputed issues." *A.M. Capen's Co., Inc. v. American Trad. & Prod. Corp.*, 74 F.3d 317, 320 (1st Cir.1996) (citing *In re San Juan Dupont Plaza Hotel Fire Litig.*, 745 F.Supp. 79, 82 (D.P.R.1990)). In determining this question, recourse to the Restatement (Second) of Conflict of Laws is appropriate. *Id.* Under Section 188 of the Restatement, absent a contractual choice of law, the contacts to be taken into account in a contract action include:

(a) the place of the contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

Restatement (Second) of Conflict of Laws § 188.

■ Finding no choice-of-law provision in the insurance contract, we look to which jurisdiction has the most contacts with the policy. The insurance contract at issue was entered into in Florida. The insured is a Florida corporation that has its principal place of business in Miami, Florida. The insured's president, chief executive officer, and primary shareholder is a resident and citizen of Florida who occasionally travels to Puerto Rico for business. According to the Policy, the insured premises are a fire-resistive office building located at 5001 SW 74 Ct.# 203, Miami, Florida 33155. Defendants claim that because the Policy covers the insured for losses that take place in the United States, including its territories and possessions, or in Canada (*see* Policy at 36), and since the events relating to Rodríguez's claim occurred in Puerto Rico, Puerto Rico law should apply. We disagree. It is clear from the contract that Allstate entered into a contract with a Florida corporation whose principle place of business was in Miami, to provide insurance coverage for risks associated with that corporation's offices in Miami. That the Policy incidentally covered losses occurring in Puerto Rico does not alter the principal location of the insured risk, which was Florida. Accordingly, Florida law applies to this dispute.

Under Florida law, prejudice to the insurer is presumed if the insured breaches a notice provision, but this presumption may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice. *Bankers Ins. Co. v. Macias,* 475 So.2d 1216, 1218 (Fla.Sup.Ct.1985). The notice requirement enables the insurer to conduct a timely and adequate investigation of all circumstances surrounding an accident. *Id.* at 1217.

■ We have no difficulty finding that defendants' notice to plaintiff of the Rodríguez claim was tardy. Rodríguez filed her complaint in June of 1993; a verdict was handed down on September 1, 1995. Defendants notified Allstate of the claim, including the verdict, on October 25, 1995, over two years after commencement of the suit and nearly two months after the jury rendered its verdict. Such notification is clearly not the "prompt" notice required under the policy.

■ Allstate was presumptively prejudiced by defendants' tardiness. Defendants bear the burden of rebutting this presumption and proving lack of prejudice. Defendants claim Allstate was not prejudiced because they adequately investigated the Rodríguez claim, retained the services of competent trial counsel and vigorously defended the action. Allstate claims that it should not be liable for the Rodríguez verdict because it has been deprived of its contractual right to participate in the trial in which the verdict was imposed. Plaintiff cites four cases construing Florida law in which the courts entered summary judgments in favor of insurers where the policyholders failed to provide notice of a lawsuit, resulting in an adverse judgment.

The Court is reluctant to rely exclusively on the first of these cases, *Aetna Casualty and Surety Co. v. Hanna,* 224 F.2d 499 (5th Cir.1955), because it was decided when compliance with notice-of-suit provisions was considered a strict condition precedent to coverage. The modern trend is to treat insurance contracts as adhesions contracts and to uphold the insurer's obligations under the contract absent a showing that the insurer was prejudiced by the insurer's failure to promptly notify it of a pending suit.

Two of the other cases applying Florida law that were cited by plaintiff, *Sussman v. American Surety Co. of New York,* 345 F.2d 679 (5th Cir.1965), and *City Management Group Corp. v. American Reliance Insurance Co.,* 528 So.2d 1299 (Fla.Dist.Ct.App. 1988), involve default judgments. These cases lend support to plaintiff's contention that an adverse judgment is evidence of prejudice as a matter of law. In *Sussman,* the defendant's insurer refused to defend because the allegations of the complaint fell outside the scope of the policy. The plaintiff amended her complaint to include allegations that, if true, would create liability covered by the policy. However, defendant's insurer was never notified of the amended complaint. A default judgment was entered against the insured and the plaintiff then attempted to collect the judgment against the insurance

company. The United States Court of Appeals for the Fifth Circuit held that "Since [the insurer] was neither notified of the amended complaint nor given any opportunity to participate in the defense on the merits, it cannot be required to pay Sussman the amount of the state court judgment she obtained against [the insured]." *Sussman,* 345 F.2d at 680–81. In *City Management,* the insured was over two years late in notifying its insurance company of an accident that resulted in a default judgment. The District Court of Appeal of Florida held that "breach of the notice provisions of the insurance policy herein, which is presumed prejudicial to the insurer, relieved the insurer of any obligations under the said policy to pay the judgment herein or to defend the subject lawsuit, including an appeal from the denial of a motion to set aside the instant default judgment." 528 So.2d at 1300.

Arguably, *City Management* and *Sussman* are distinguishable from the case at bar since they involved defaults, not policyholders who mounted a defense. More on point is *Florida Farm Bureau Mutual Insurance Co. v. James,* 608 So.2d 931 (Fla.Dist.Ct.App.1992). In *Florida Farm,* the Jameses filed a product liability suit against Old South Mills, Florida Farm Bureau's insured. Florida Farm Bureau refused to defend on the ground that the policy did not cover product liability claims, and urged Old South Mills to notify it if the allegations changed. The case was ultimately tried to a jury on a negligence theory, which returned a verdict in favor of the Jameses. Because Old South Mills was bankrupt, it never notified Florida Farm Bureau that the allegations had changed. The Jameses sued Florida Farm Bureau to collect the judgment, and the trial court granted summary judgment in their favor. The Florida District Court of Appeal reversed, finding that Florida Farm Bureau's initial refusal to defend was proper and it had no duty to actively monitor the case to see if the allegations would change. *Id.* at 932. The Florida District Court of Appeal stated:

> Where the insurance company rightfully refuses to defend the initial complaint and is not notified of any further amendments which may bring the action within coverage nor given an opportunity to participate

in the defense on the merits, it cannot be required to pay to the plaintiffs the amount of a judgment obtained against the insured.

*Id.* The case was remanded for entry of summary judgment in favor of Florida Farm Bureau.

These precedents persuade us that under Florida law, failure to notify an insurer of a claim until after an adverse judgment has been handed down is evidence of prejudice as a matter of law. Such a rule comports with common sense. Where the insurer has not been notified of a pending claim until after judgment, it is deprived of its ability to investigate the allegations, to locate witnesses, to appoint counsel of its choice, to negotiate a settlement, and to develop its own trial strategy. The insured should not then be allowed to claim lack of prejudice by merely asserting that the insurer could have done no better in defending the action. Whether the insurer could have done better will be nearly impossible to determine in most cases. But basic notions of fairness dictate that a party should not be made to respond for a judgment rendered in a case of which it was not notified and in which it was not allowed to participate.

Even courts in jurisdictions where the insurer has the burden of showing that it has been prejudiced by lack of notice have concluded that an insured's failure to provide notice of a claim until after an adverse judgment has been rendered constitutes prejudice as a matter of law. In *Washington v. Federal Kemper Insurance Co.,* 60 Md.App. 288, 482 A.2d 503 (1984), *cert. denied,* 302 Md. 289, 487 A.2d 292 (Ct.App.1985), plaintiffs dissatisfied with the construction of their home sued the developer, asserting a variety of legal theories. The developer never notified his insurer, Federal Kemper Insurance Company. The night after a verdict was rendered against the developer, he allegedly received a vision from God reminding him of the Kemper insurance policy. The developer's attorney put Kemper on notice of the lawsuit and the subsequent verdict and appeal.

Kemper denied coverage, refused to pay the judgment, and refused to take over the prosecution of the appeal. The developer sought a declaratory judgment that the policy fully covered the lawsuit and that Kemper was required to pay all costs of defense including legal fees, costs of appeal and a new trial, if necessary. After a hearing, the trial court found that Kemper's rights to investigate, evaluate coverage, choose defense counsel, and attempt to settle were substantial rights which were denied by the developer's conduct and resulted in actual prejudice to Kemper. *Id.*, 482 A.2d at 506. The court declared that Kemper owed the developer no defense or reimbursement for costs of defense, and was not required to indemnify the plaintiffs for any judgment that resulted from the trial, nor was Kemper obligated to assume any costs in connection with the appeal of the verdict or for costs in the declaratory judgment suit. The developer appealed, asserting, *inter alia,* that Kemper had failed to prove actual prejudice by establishing a substantial likelihood that if the notice clause had not been breached, the insured would not have been held liable. The Court of Special Appeals affirmed the declaratory judgment in favor of the insurer, holding that an insurance carrier is not required to assume the burden of proving a negative:

> It is impossible for the carrier to demonstrate to the court what witnesses it might have discovered, what defense it might have made, and what disposition it might have reached in settlement if it had received notice before the verdict was rendered in this case.
>
> .   .   .   .   .
>
> In such cases where the insured has been deprived of all opportunity to defend, the mere entry of the adverse judgment is affirmative evidence of actual prejudice to the insurer.

*Id.* at 507 (citing cases); *but cf. Travelers Ins. Co. v. Feld Car & Truck Leasing Corp.* 517 F.Supp. 1132 (D.Kan.1981) (in jurisdiction where insurance company has burden of proving prejudice, prejudice is for jury to decide where insured instituted its own investigation and mounted defense).

As we find that defendants have failed to rebut the presumption of prejudice, and as plaintiff has demonstrated prejudice as a matter of law, the Court hereby **GRANTS** plaintiff's motion for summary judgment and **DENIES** defendants' motion for summary judgment. Judgment shall be entered accordingly.

IT IS SO ORDERED.