697 So.2d 918 (1997)
Gerald LEFEBVRE, Appellant/Cross-Appellee,
v.
Gilbert JAMES and Barbara James, his wife, Appellees/Cross-Appellants.
No. 96-0483.
District Court of Appeal of Florida, Fourth District.
July 23, 1997.
Rehearing Denied August 25, 1997.
Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for appellant/cross-appellee.
Peter M. Bassaline and Robert V. Romani of Farish, Farish & Romani, West Palm Beach, for appellees/cross-appellants.
STONE, Chief Judge.
We reverse a plaintiff's judgment in this legal malpractice action, arising out of events in two prior related suits, and remand for entry of a judgment for the appellant-defendant. The claim alleges that Appellant neglected to seek amendment of a complaint in the initial action brought by Appellees against Old South Mills, a feed store, which resulted in Appellees' subsequent inability to enforce a judgment against the feed store's insurer, Florida Farm Bureau.
The original action was brought for the delivery of deficient pig feed which resulted in Appellees losing most of their swine herd. Appellees had ordered the feed from Old South Mills which, when fed to the hogs, caused them to die. Although the expert's reports indicated only that the feed was vitamin *919 deficient, Appellee, Gilbert James, believed that Old South Mills had sent him chicken feed instead of pig feed. The incident occurred in 1981. Appellees' first attorney filed suit in 1982, alleging a defective product (the feed), negligence in preparing the defective feed, and failing to adequately inspect the feed after the Jameses complained.
Old South Mills filed for bankruptcy in 1985, and Florida Farm Bureau denied coverage because Old South Mills had not purchased product liability coverage. Another attorney took over the case, and Appellant was subsequently retained in late 1988 or early 1989.
When Appellant took over, Old South Mills was bankrupt, its insurer had denied coverage, and, although James now believed he had been sold chicken feed, the available evidence indicated that the feed was probably vitamin-deficient pig feed. In early 1989, Appellant became aware of the opinion in Florida Farm Bureau Mutual Insurance Co. v. Gaskins, 405 So.2d 1013 (Fla. 1st DCA 1981) (a case of negligent delivery of a wrong product as distinguished from delivery of a defective product). The language in the Gaskins' insurance policy was identical to that in Old South Mills' policy and provided coverage if the damage was caused by an employee who negligently delivered a wrong product, even if it did not provide coverage for damage caused by a defective product. However, other than Gilbert James' belief, there was no record proof of a negligent delivery.
The record reflects that Appellant considered, and rejected, the option of amending the complaint to assert a cause of action for negligent delivery because he thought that the amendment would have been barred by the statute of limitations (which expired in 1985) unless it related back to the original complaint. He also did not believe that the amendment, if it was allowed, would relate back to the original complaint because the amendment would have stated a new cause of action. Appellant also decided that the second amended complaint was broad enough to trigger Florida Farm Bureau's duty to defend Old South Mills. Appellant's plan was that, if he could obtain a judgment against Old South Mills, which was not contesting the suit, he could then enforce that judgment against Florida Farm Bureau because it had breached its duty to defend (even if it may not be broad enough to impose a duty to indemnify).[1]
The second lawsuit, brought against Florida Farm Bureau because of its refusal to defend Old South Mills, resulted in an appeal in which this court reversed and remanded for summary judgment to be entered in Florida Farm Bureau's favor. See Florida Farm Bureau Mut. Ins. Co. v. James, 608 So.2d 931 (Fla. 4th DCA 1992). There, we held that, while negligent delivery was apparently proven at trial notwithstanding that it was not pled, Florida Farm Bureau was not liable because it had no duty to defend pursuant to the allegations in the complaint, which were based on a defective product theory and not negligent delivery. Id. at 932.
Appellees then sued Appellant for failing to seek leave to amend the complaint or failing to inform Florida Farm Bureau that the theory of liability had changed from negligence relating to preparation of the product, to negligent delivery. The trial court determined as a matter of law that Old South Mills' policy would have covered an underlying verdict for negligent delivery of wrong product and that had Appellant sought to amend the complaint, the amendment would have been allowed and it would have related back, pursuant to rule 1.190(c), Florida Rules of Civil Procedure. The jury rejected Lefebvre's explanations for his actions and returned a verdict against him.
*920 We conclude that it was error to deny Appellant's motion for directed verdict. Even if the original trial court might have allowed Appellant to amend the James' complaint against Old South Mills, an amendment to the complaint alleging negligent delivery of the feed would have constituted a new cause of action, would not have related back to the filing of the claim, and would have been barred by the statute of limitations. See School Bd. of Broward County v. Surette, 394 So.2d 147 (Fla. 4th DCA 1981). Cf. Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla. 4th DCA 1971); West Volusia Hosp. Auth. v. Jones, 668 So.2d 635 (Fla. 5th DCA 1996).
In Surette, the plaintiffs amended their complaint, without leave of the court, to seek damages for their deceased child's pain and suffering. The initial complaint sought damages for the parents' pain and suffering and loss of support. The amended complaint was filed after the statute of limitations expired and would be untimely if it did not relate back. Id. at 153, 154. This court concluded that, although amendments should be permitted liberally under rule 1.190, a party cannot defeat the statute of limitations by filing a whole new cause of action and labeling it an amended complaint.
In Turner, we recognized that:
The test of whether an amendment offered by a party sets forth a `new cause of action' is not whether the cause of action stated in the amended pleading is identical to that stated in the original. Rather, the test is whether the pleadingas amended is based upon the same specific conduct, transaction or occurrence between the parties upon which the plaintiff tried to enforce his original claim.
In Turner, we determined that the plaintiff should be allowed to amend his breach of contract complaint to add a count for quantum meruit because the addition was based on the same specific conduct, transaction and occurrence as was alleged in the original complaint. Here, however, we can draw no such conclusion, as an action for negligence in the delivery process is wholly separate and distinct from a claim of negligence in the preparation of a product, so that it can not be said that each act of negligence is based on the same specific conduct, transaction, or occurrence. In the initial complaint, the negligent act, if proved, would have occurred and been completed in the preparation of the feed well before any delivery of the feed. Further, although we accept the description in Kiehl v. Brown, 546 So.2d 18, 19 (Fla. 3d DCA 1989), that "an amendment which merely makes more specific what has already been alleged generally, or which changes the legal theory of the action, will relate back even though the statute of limitations has run in the interim," we do not find such to be the case here. Had Appellant attempted to amend the complaint to allege negligent delivery of chicken feed instead of the intended hog feed, the amendment would have required proof of a totally distinct set of facts and circumstances and act of negligence than is alleged in the initial pleadings.
Further, we note that this is the very matter recognized by this court in Florida Farm Bureau Mutual Insurance Co. v. James, holding that this insurer was not placed on notice by these pleadings and claims (that there could be damages awarded for negligent delivery).
It also appears that all of the relevant discovery in this case was solely directed to the feed preparation issue. Therefore, to place the defendant and its insurance company in a position of having to conduct totally new discovery would impose the very prejudice that the statute of limitations is designed to prevent.
We recognize that in a very broad sense the facts surrounding negligent preparation of pig feed and the facts incident to proving a negligent delivery of an entirely different product are part of the same commercial transaction. But, clearly, a lawsuit alleging and proving negligence in preparing a pig feed formula resulting in a defective product is totally different than one founded simply on general negligence by loading the wrong order on the truck. Each case would rely not only on a different theory of recovery, but on separate ultimate facts. See Gaskins.
*921 Therefore, the judgment is reversed and we remand for further proceedings consistent with this opinion.
WARNER and SHAHOOD, JJ., concur.
NOTES
[1] We note that Lefebvre was admittedly concerned that, if allowed, an amendment might cause the insurance company to come in and defend and he had no hope of securing a verdict on wrongful delivery, even though he later caused the verdict form to imply a jury finding that the "wrong" feed was utilized. (The term "wrong" being intentionally ambiguous, the evidence did not prove that anything other than hog feed was delivered.) As it is not an issue here, and as our record in this regard is not complete, we do not address any question that might be raised as to the propriety of counsel's attempt to recover on an interpretation of his claim that he knew was not pled and could not be proved.